**VANDIVER, Appellant,**

v.

**MORGAN ADHESIVE COMPANY et al., Appellees.**

[Cite as *Vandiver v. Morgan Adhesive Co.* (1998), 126 Ohio App.3d 634.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18526.

Decided March 18, 1998.

**636**

*Edward L. Gilbert,* for appellant.

*Paul W. Allison, Vincent J. Tersigni* and *Christopher J. Carney,* for appellee Morgan Adhesive Company.

*Charles J. Altwies,* for appellee Louis Walter.

*G. Timothy Fischer,* for appellee Jim Scarlett.

*Rebecca H. Cook,* for appellee Larry Seed.

---

*Per Curiam.*

Appellant John C. Vandiver appeals the decision of the Summit County Court of Common Pleas granting summary judgment against him. We affirm in part, reverse in part, and remand.

On approximately November 18, 1994, John Vandiver was at his place of employment, appellee Morgan Adhesive Company ("MACtac"). He alleges that on this date, he was in a stall in the company restroom when a co-worker, appellee Louis Walter, sprayed him with a company fire extinguisher. He claims that MACtac was aware of and actually condoned this action.

Approximately ten days later, on November 28, 1994, Vandiver claims that he was again in a stall in the company restroom when three co-workers, Walter,

appellee Jim Scarlett, and one other unnamed individual, allegedly tossed an "ice-bomb" into the stall he was occupying. An ice-bomb is a sealed, plastic bottle containing a mixture of dry ice and water which expands and erupts with a loud explosion. Vandiver alleges that only moments after this first explosion, a second ice-bomb was tossed into his stall and that this second bomb "actually blew [him] off the toilet." Vandiver claims that at the time of this incident, his supervisor, appellee Larry Seed, refused to come to his aid. He again claims that MACtac was aware of such actions and approved of them, and that Seed encouraged, if not participated in them.

Vandiver claims that he has suffered severe physical and psychological trauma as a result of these incidents. He states that he has been unable to return to work since their occurrence. He further alleges in his complaint that, as a black man, he believes that these incidents were racially motivated.

In March 1996, Vandiver filed a complaint against MACtac, Seed, Walter, Scarlett, and one unknown individual, alleging intentional and negligent infliction of emotional distress, unlawful discriminatory practices, and ethnic intimidation. All named defendants filed motions for summary judgment in the lower court. The lower court granted these motions. Vandiver appeals, raising nine assignments of error.

■ Because each of Vandiver's assignments of error involves the granting of summary judgment, we will set forth the appropriate standard at the outset. Summary judgment is properly granted where, interpreting the facts most strongly in favor of the nonmoving party, there is no genuine issue of any material fact and reasonable minds could only conclude that the moving party is entitled to judgment as a matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122–1123. A reviewing court must apply this same standard on appeal. *Id.*

"I. The lower court erred in granting defendants' motions for summary judgment on plaintiff's claims of intentional infliction of emotional distress on the grounds that plaintiff did not satisfy the elements of that claim.

"II. The lower court erred in granting defendants' motion for summary judgment on plaintiff's claims for intentional infliction of emotional distress on the grounds that the one-year statute of limitations for assault and battery governs these claims."

Because we find the second of these errors dispositive, we will discuss it first.

■ The tort of intentional infliction of emotional distress has been recognized in Ohio where "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another." *Yeager v. Local*

*Union 20* (1983), 6 Ohio St.3d 369, 6 OBR 421, 453 N.E.2d 666, syllabus. In this case, Vandiver alleges that the conduct to which he was subjected during the course of his employment was sufficiently outrageous to support his claim of intentional infliction of emotional distress. The lower court granted summary judgment in favor of the defendants-appellees, however, finding that Vandiver's claim was more accurately characterized as assault and battery. An assault in tort is "the willful threat or attempt to harm or touch another offensively, which threat or attempt reasonably places the other in fear of such contact." *Smith v. John Deere Co.* (1993), 83 Ohio App.3d 398, 406, 614 N.E.2d 1148, 1154. A person may be liable for battery when he acts intending to cause a harmful or offensive contact and, in fact, a harmful contact results. *Love v. Port Clinton* (1988), 37 Ohio St.3d 98, 99, 524 N.E.2d 166, 167–168. The distinction between the causes of action is significant because assault and battery have only a one-year statute of limitations, R.C. 2305.111, while intentional infliction of emotional distress is subject to a four-year limit, R.C. 2305.09(D). In this case, the complaint was filed outside of one year, but within four. The court found the claim untimely.

■ To determine which of two limiting statutes applies, it is necessary to look at the true nature or subject matter of the act or acts giving rise to the complaint. *Doe v. First United Methodist Church* (1994), 68 Ohio St.3d 531, 536, 629 N.E.2d 402, 406–407. The appropriate statute is not determined simply by looking at the form of the pleading. *Id.* "[T]hrough clever pleading or by utilizing another theory of law, the assault and battery cannot be [transformed] into another type of action subject to a longer statute of limitations as it would circumvent the statute of limitations for assault and battery to allow that to be done." *Love, supra,* at 100, 524 N.E.2d at 168.

■ Vandiver cites several employee harassment cases in which plaintiffs were allowed to maintain actions for both intentional infliction of emotional distress and assault and battery. He argues that these cases support his theory that in situations involving workplace harassment, one cause of action does not necessarily preclude the other. We find those cases factually distinguishable, however. In each of the cases Vandiver cites, the facts make clear that the victims were subjected not only to offensive physical contact, but also to significant, nonphysical harassment that could, by itself, potentially have been considered outrageous. See, *i.e.*, *Crihfield v. Monsanto Co.* (S.D.Ohio 1994), 844 F.Supp. 371, 372 (plaintiff's co-worker exposed himself to her on numerous occasions, requested sexual favors, and displayed sexually explicit photographs); *Helmick v. Cincinnati Word Processing, Inc.* (1989), 45 Ohio St.3d 131, 132, 543 N.E.2d 1212, 1213–1214 (plaintiffs-employees subjected to pattern of sexual abuse that included both oral statements and other, nonspecified conduct that could be subject to criminal prosecution for sexual imposition); *Kerans v. Porter Paint Co.* (1991), 61 Ohio

St.3d 486, 487, 575 N.E.2d 428, 429–430 (store manager exposed himself to plaintiff-employee, appeared naked before her, and requested that she watch him masturbate); *Retterer v. Whirlpool Corp.* (1996), 111 Ohio App.3d 847, 856, 677 N.E.2d 417, 422–423 (plaintiff-employee received blow-up dolls, cartoons, and an item labeled a "penis warmer" while at work).

In this case, Vandiver alleges that on approximately November 18, 1994, he was sprayed with a fire extinguisher while using the restroom at work. He alleges that several days following that incident, he was again using the company restroom when two ice bombs were rolled into his stall and exploded at his feet. While he also alleges, in a separate count of his complaint, that he was "subjected to mental, physical and verbal abuse" during the course of his employment, this allegation has only vaguely been described in the record. It is the above-described physical acts that he has specifically alleged to be outrageous in nature and it appears that his intentional infliction of emotional distress claim is predominantly, if not solely, based upon them.

■ "When a party suffers emotional distress that is 'parasitic' to another tort, the applicable statute of limitations is the one that applies to actions based upon that other tort." *Manin v. Diloreti* (1994), 94 Ohio App.3d 777, 779–780, 641 N.E.2d 826, 827. We find that the essential nature of Vandiver's claim involves intentional acts of offensive contact. See *Doe, supra,* 68 Ohio St.3d at 536–537, 629 N.E.2d at 406–408. The lower court was correct in determining that this claim was. barred by the one-year statute of limitations for assault and battery. The court properly granted summary judgment in favor of defendants-appellees. Vandiver's second assignment of error is overruled, and his first is thereby dismissed as moot.

"III. The lower court erred in granting defendants' motions for summary judgment on plaintiff's claim for negligent infliction of emotional distress."

Vandiver also claims negligent infliction of emotional distress based upon the same facts alleged above. The lower court found this cause of action flawed for two reasons. It first determined that Ohio does not recognize negligent infliction of emotional distress as a separate tort in an employment context, and it also concluded that this tort could be maintained only by a bystander to an accident, not the actual victim of it. Although we are not persuaded by either of the lower court's reasons, we nonetheless find that summary judgment was properly granted.

■ We have already determined that the acts on which Vandiver bases his claims of emotional distress are, in essence, acts of assault and battery. "Where the essential character of an alleged tort is an intentional, offensive touching, the statute of limitations for assault and battery governs, even if the touching is pled

as an act of negligence. To hold otherwise would defeat the assault and battery statute of limitations." *Love, supra,* 37 Ohio St.3d at 99, 524 N.E.2d at 168. See, also, *Doe, supra,* 68 Ohio St.3d at 536–537, 629 N.E.2d at 407 (court found plaintiff's claims of battery, negligence, and intentional infliction of emotional distress due to sexual abuse were based on "intentional acts of offensive contact" and were therefore subject to the one-year statute of limitations); *Ault v. Jasko* (1994), 70 Ohio St.3d 114, 115, 637 N.E.2d 870, 871 (same).

■ "[A] reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof." *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174. Although we find the court's reasons for granting summary judgment erroneous, we nonetheless find that summary judgment was properly granted in favor of the defendants-appellees. For this reason, Vandiver's third assignment of error is overruled.

"IV. The lower court erred in granting defendants' motions for summary judgment on plaintiff's claim of ethnic intimidation."

■ The statute addressing ethnic intimidation is a criminal statute found at R.C. 2927.12, which states:

"(A) No person shall violate section 2903.21 [aggravated menacing], 2903.22 [menacing], 2909.06 [criminal damaging or endangering], or 2909.07 [criminal mischief], or division (A)(3), (4), or (5) of section 2917.21 [telephone harassment] of the Revised Code by reason of the race, color, religion, or national origin of another person or group of persons.

"(B) Whoever violates this section is guilty of ethnic intimidation. Ethnic intimidation is an offense of the next higher degree than the offense the commission of which is a necessary element of ethnic intimidation."

The lower court again cited two reasons for granting summary judgment against Vandiver on this claim. The first was that the underlying offenses cited by the statute are all criminal offenses and, therefore, the court found the claim of ethnic intimidation necessarily "not germane to this civil action." We find that the court erred in this conclusion. R.C. 2307.70(A) provides:

"Any person who suffers injury or loss to person or property as a result of an act committed in violation of section 2909.05, 2927.11, *or 2927.12* of the Revised Code *has a civil action* and may recover in that action full damages * * * for emotional distress, the reasonable costs of maintaining the civil action, and reasonable attorney's fees." (Emphasis added.)

Clearly, then, the Ohio legislature has provided a civil remedy for the offense of ethnic intimidation, and the court's conclusion to the contrary was in error.

█ The second reason stated by the lower court for granting summary judgment was that Vandiver offered "no evidence" of any of the five underlying offenses necessary to support his claim. We find that the court erred in this determination as well.

One of the five underlying criminal offenses that may provide a basis for a claim of ethnic intimidation is the offense of menacing. The menacing statute states, "No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of such other person * * *." R.C. 2903.22. In the case at bar, Vandiver alleges that he was on duty at work when an ice-bomb was rolled into the restroom stall he was occupying. He alleges in his complaint that this ice-bomb exploded, creating a "significant and loud noise" and causing him "severe injuries." Then, only moments later, while Vandiver remained in the stall, the second ice-bomb rolled in and exploded. We believe, at a minimum, that Vandiver created a question of fact as to whether the perpetrator knew that this second ice-bomb would cause Vandiver to believe he was in personal, physical peril. We find, therefore, that Vandiver did provide some evidence of at least one of the underlying offenses necessary to support his claim of ethnic intimidation.

Having found the lower court's reasons for granting summary judgment on this issue to be in error, we reverse and remand the claim of ethnic intimidation for further consideration. Whether Vandiver can overcome summary judgment on the necessary allegation of racial motivation is left for the lower court to determine, using the appropriate standard as set forth below. To this extent, Vandiver's fourth assignment of error is well taken.

"V. The lower court erred in granting defendant MACtac's motion for summary judgment on plaintiff's claims against it under R.C. 4112.02(A) for hostile workplace—racial harassment.

"VI. The lower court erred in determining that defendants Walters [*sic*] and Scarlett cannot be held liable under Ohio Revised Code Chapter 4112.

"VII. The lower court erred in granting all defendants' motions for summary judgment on plaintiff's claims under R.C. 4112.02(I).

"VIII. The lower court erred in granting all defendants' motions for summary judgment on plaintiff's claims under R.C. 4112.02(J).

"IX. The lower court erred in granting all defendants' motions for summary judgment on plaintiff's claims under R.C. 4112.99."

█ In his complaint, Vandiver alleged unlawful discriminatory practices in violation of R.C. Chapter 4112 and, specifically, R.C. 4112.99, against all defendants-appellees. R.C. 4112.99 is simply the statute providing a civil remedy

for violations of the chapter. In response to the motions for summary judgment, Vandiver alleged violations of R.C. 4112.02(A), (I) and (J). The fact that he did not provide these specific sections in his complaint is not fatal to his cause, as notice pleading requires only a short, plain statement of the claim. *Cole v. Seafare Ents. Ltd., Inc.* (Feb. 14, 1996), Hamilton App. No. C–950157, unreported, 1996 WL 60970.

In its order, the lower court determined that R.C. 4112.02(A) applies only to employers. Vandiver concedes this point. The court then appeared to conclude that R.C. 4112.02(I) also applies only to employers and, therefore, it had no application to Seed. The court never mentioned R.C. 4112.02(J) or defendants-appellees Walter or Scarlett. The court simply granted summary judgment to MACtac and Seed based on R.C. 4112.02(A) and (I) and concluded that Vandiver had "not established a prima facie case that any of the defendants violated Chapter 4112."

We find the court's conclusions in error for several reasons. First, it never addressed R.C. 4112.02(J) at all. Second, although the court presumably concluded that these statutes applied only to employers, both R.C. 4112.02(I) and (J) apply to "any person" who violates them. R.C. 4112.01(A)(1) defines "person" as "one or more individuals" and specifically includes both a "manager" and an "employee." Neither the lower court nor the defendants-appellees have cited any authority for the proposition that these sections apply only to employers. We find, therefore, that the court erred in failing to consider their application to Seed, Walter, and Scarlett.

Finally, we conclude that the lower court erred on this claim by finding that Vandiver offered no evidence to establish his *prima facie* case. We reach this conclusion based on the fact that the lower court applied the wrong summary judgment standard. The lower court cited *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, and concluded, "Vandiver, as the nonmoving party, has the duty to produce evidence on any issue for which that party bears the burden of production at trial." This is what the third paragraph of the *Wing* syllabus states. However, this language has since been explicitly found overbroad by the Ohio Supreme Court. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 295, 662 N.E.2d 264, 275.

In *Dresher*, the Ohio Supreme Court held that when a moving party asserts that a nonmoving party has no evidence to establish an essential element of the nonmoving party's claim, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact." *Id.* at 292, 662 N.E.2d at 273. *Only* if and when the

moving party meets this burden does the burden shift to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial, pursuant to Civ.R. 56(E). *Id.* at 293, 662 N.E.2d at 273–274.

In this case, the defendants-appellees moved for summary judgment claiming that Vandiver could not produce *prima facie* evidence to support his claim of unlawful discriminatory practices. Without considering the adequacy of these motions, the lower court put the initial burden on Vandiver to prove genuine issues of material fact. We find this was improper under *Dresher.* We reverse and remand this issue to the lower court for reconsideration of summary judgment using the appropriate standard, as set forth in *Dresher.* To this extent, Vandiver's fifth, sixth, seventh, eighth, and ninth assignments of error are well taken.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

QUILLIN, P.J., BAIRD and DICKINSON, JJ., concur.