This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Rudolph Bilder, appeals the entry of summary judgment against him in the Summit County Court of Common Pleas. We affirm.
Mr. Bilder owns the real property located at 1002 Inman Street in Akron, Ohio. That property has been his residence for many years. Dudley Estes, appellee, resides across the street from Mr. Bilder. Mr. Bilder avers that Mr. Estes has shown lights on Mr. Bilder, thrown a can of cat food at Mr. Bilder, and has trespassed upon Mr. Bilder's property. Further, Mr. Bilder states that Mr. Estes' son used a laser beam to harass Mr. Bilder.
On December 27, 1999, Mr. Bilder filed a complaint seeking damages for trespass and assault. He also sought an injunction. On August 30, 2000, Mr. Estes filed a motion for summary judgment, asserting that Mr. Bilder's claims are barred by the statute of limitations. Mr. Bilder responded in opposition on September 13, 2000. The trial court entered summary judgment in Mr. Estes' favor on October 24, 2000. This appeal followed.
Mr. Bilder asserts one assignment of error:
 The trial court erred in granting summary judgment to the Defendant.
Mr. Bilder asserts that the trial court erred in granting summary judgment in Mr. Estes' favor because a material issue of fact remains to be litigated in regard to the application of the statute of limitations to his assault action. Specifically, Mr. Bilder asserts that he created a material issue of fact as to whether his action was brought within the one-year statute of limitations period by stating in his affidavit that the incidents occurred within the past two years. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992),80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists.Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 This court has previously held that [a]n assault in tort is "the willful threat or attempt to harm or touch another offensively, which threat or attempt reasonably places the other in fear of such contact." Smith v. John Deere Co. (1993), 83 Ohio App.3d 398, 406[.] A person may be liable for battery when he acts intending to cause a harmful or offensive contact and, in fact, a harmful contact results. Love v. Port Clinton (1988), 37 Ohio St.3d 98, 99[.]
(Parallel citations omitted.) Vandiver v. Morgan Adhesive Co. (1998),126 Ohio App.3d 634, 638.
"An action for assault or battery shall be brought within one year after the cause of action accrues." R.C. 2305.111. Where the identity of the perpetrator is known, the action accrues on the date on which the assault or battery occurred. R.C. 2305.111(A) and (B).
Mr. Bilder avers that in his affidavit he created a material issue of fact as to whether his assault claim was barred by the statute of limitations.[1] In Mr. Bilder's deposition, he stated that Mr. Estes: (1) shined a spotlight on him approximately two years ago; (2) threw an empty can of cat food at him five years ago; and (3) took pictures of him two weeks ago. We conclude that taking pictures of Mr. Bilder does not sound in assault or battery as there is no reasonable fear of harmful or offensive contact, nor does such contact result. Mr. Bilder's other two factual allegations both took place beyond the one-year statute of limitations. Accordingly, based on his deposition testimony, an action for assault could not now be brought on them. However, Mr. Bilder stated, in his affidavit, which was filed with his motion in opposition to summary judgment, that the incidents he complains of occurred "within the past two years[.]" Mr. Bilder asserts that this affidavit raises a material issue of fact. We initially note that the applicable statute of limitations period is one year; hence, whether the incidents occurred in the past two years is not dispositive.
The Ohio Supreme Court has held that "[w]hen a litigant's affidavit in support of his or her motion for summary judgment is inconsistent with his or her earlier deposition testimony, summary judgment in that party's favor is improper because there exists a question of credibility which can be resolved only by the trier of fact." Turner v. Turner (1993),67 Ohio St.3d 337, paragraph one of the syllabus. However, where thenon-moving party has presented conflicting testimony and
 "an affidavit is inconsistent with affiant's prior deposition testimony as to material facts and the affidavit neither suggests affiant was confused at the deposition nor offers a reason for the contradictions in [his or her] prior testimony, the affidavit does not create a genuine issue of fact which would preclude summary judgment."
Kollmorgan v. Raghavan (May 5, 2000), Mahoning App. No. 98CA123, unreported, 2000 Ohio App. LEXIS 2120, at *10, quoting Pace v. GAF Corp. (Dec. 18, 1991), Jefferson App. No. 90-J-49, unreported; accord Goldenv. Kearse (June 7, 1999), Butler App. No. CA98-08-164, unreported, 1999 Ohio App. LEXIS 2573, at *10-11; Push v. A-Best Prod. Co. (Apr. 18, 1996), Scioto App. No. 94CA2306, unreported, 1996 Ohio App. LEXIS 1625, at *9, fn. 8. Mr. Bilder initially stated in his deposition testimony that the events on which he bases his assault claim occurred outside the one-year statute of limitations, and then, stated that the events occurred "within the past two years" in his affidavit executed on September 12, 2000. Accordingly, we cannot conclude that the trial court erred in finding no material issue of fact as to the expiration of the statute of limitations, and therefore, affirm the trial court's entry of summary judgment.
Mr. Bilder's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER, BATCHELDER, P.J., BAIRD, J., CARR, J. CONCUR.
[1] The trial court determined that there was no material issue of fact as to his trespass claim because Mr. Bilder admitted that he does not know who committed the trespass. However, Mr. Bilder does not assign this as error, rather he assigns the trial court's entry of summary judgment based on the statute of limitations applicable to his assault claim as error. Mr. Bilder states that the trial court erred in concluding that the defendant's alleged conduct, if proven, would not be tortious. However, the trial court did not base its conclusion as to the trespass claim on that claim not stating an action in tort; rather, the trial court reached this conclusion as to part of Mr. Bilder's assault claim, namely shining a light upon Mr. Bilder. Moreover, the trial court found his assault claim to be barred by the statute of limitations regardless of its basis. Hence, even if shining a light upon Mr. Bilder was an assault — which we do not conclude — his action is barred by the statute of limitations as discussed infra. Mr. Bilder also mentions that menacing can be an actionable tort in his brief to this court. Be that as it may, Mr. Bilder never asserted that cause of action below; hence, it cannot be properly raised herein.