OPINION
{¶ 1} A Montgomery County Common Pleas Jury returned a verdict in favor of Plaintiff-Appellee on claims for injuries arising from a civil assault and battery. Compensatory and punitive damages were awarded in amounts of $7,200 and $5,000, respectively. From the judgment granting such award the Defendant, William Rutledge, appeals assigning four errors.
 {¶ 2} This case is the culmination of a neighborhood dispute between the owner of a dog, Plaintiff Kenneth Lloyd, and his neighbor, William Rutledge, who objected to the dog coming onto his property where it relieved itself. The altercation which is the subject of this suit was preceded, on other occasions, by verbal arguments between the parties over the matter. At trial Lloyd admitted that he had previously allowed his dog to relieve itself on Rutledge's lawn, notwithstanding complaints that it was killing the grass.
 {¶ 3} On December 28, 2003, Lloyd was walking the dog in front of the Rutledge residence. As Lloyd waited for the dog to finish a "whiz" — as he described it — he heard Mr. Rutledge coming up behind him and yelling at him about the dog urinating in his yard. As Mr. Lloyd turned to face Mr. Rutledge, he was hit and shoved by Mr. Rutledge. Mr. Lloyd ended up on the ground. Upon returning home, he called 911 and was transported to the hospital.
 {¶ 4} A number of witnesses were called and testimony was sharply divided on the precise circumstances of the altercation. Our review requires an examination of the testimonial record in the case.
 Assignment of Error I THE VERDICT OF THE JURY WAS AGAINST THE MANIFEST WEIGHT OF THEEVIDENCE.
 {¶ 5} Mr. Rutledge contends that the evidence does not support the judgment against him.
 {¶ 6} A reviewing court will not reverse a judgment that is supported by competent, credible evidence going to all the essential elements of the complaint. C.E. Morris Constr. Co. V.Foley Constr. Co. (1978), 54 Ohio St. 2d 279, 376.
 {¶ 7} In order to establish a claim of civil assault, a plaintiff must demonstrate a "willful threat or attempt to harm or touch another offensively, which threat or attempt reasonably places the other in fear of such contact." Brooks v. Lady FootLocker, Summit App. No. 22297, 2005-Ohio-2394, ¶ 18, citingVandiver v. Morgan Adhesives Co. (1998), 126 Ohio App.3d 634,638. A key element of assault requires that the tortfeasor "knew with substantial certainty that his or her act would bring about harmful or offensive contact." Id., citing Smith v. John DeereCo. (1993), 83 Ohio App.3d 398, 406. "The threat or attempt must be coupled with a definitive act by one who has the apparent ability to do the harm or to commit the offensive touching." Id.
 {¶ 8} A plaintiff who seeks to establish a claim for civil battery must demonstrate that the defendant acted intending to cause a harmful or offensive contact and, in fact, a harmful contact results. Brooks, supra, ¶ 62, citing Love v. PortClinton (1988), 37 Ohio St.3d 98, 99. "Contact which is offensive to a reasonable sense of personal dignity is offensive contact." Id.
 {¶ 9} In addition to Kenneth Lloyd's testimony, the record contains the testimony of Michelle Carter. Ms. Carter testified that she lives in the same neighborhood as the parties to this action. She further testified that she was acquainted with Kenneth and recognized Mr. Rutledge, who was her neighbor. Ms. Carter testified that, on the date in question, she was outside her residence when she observed William Rutledge punch Kenneth Lloyd in the face.
 {¶ 10} Robert Sakal, a Miami Township Police Officer, also testified at trial. According to Officer Sakal, he interviewed Ms. Carter as well as Mr. Rutledges and his wife, Geneva, following the incident. Sakal testified that both Geneva and William Rutledge admitted that William had "shoved" Mr. Lloyd.
 {¶ 11} Finally, Derrick Lucas testified that he was sitting on his mother's porch when he observed William Rutledge punch Mr. Lloyd in the face.
 {¶ 12} Based upon our review of the record, we conclude that the jury verdict is supported by competent and credible evidence as to the claims of assault and battery. Therefore, the first Assignment of Error is overruled.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED IN ADMITTING INADMISSIBLE ANDPREJUDICIAL TESTIMONY OF A LAY WITNESS ON AN ISSUE OF LAW.
 {¶ 13} During the trial, the court permitted testimony from a police officer as to the right of a person to act in self defense. Appellants challenged this testimony on the grounds that this was expert witness testimony and that it was inadmissible because it failed to qualify under Civ.R. 702. They claim that such evidence denied them a fair trial. They make no challenge to the jury instructions on the matter of lay and/or expert testimony.
 {¶ 14} During cross-examination by counsel for Lloyd, who was prosecuting the complaint and defending a counterclaim of the Rutledges, he inquired of the officer as follows:
 {¶ 15} "Q: Let me start over. Looking at what Mr. Rutledge told you, when he told you that Mr. Lloyd put his finger in his face, did he tell you that it made contact with him.
 {¶ 16} "A: No.
 {¶ 17} "Q: All right. But he did tell you that he made contact with Mr. Lloyd.
 {¶ 18} "A: Correct.
 {¶ 19} "Q: All right. And that after he shoved Mr. Lloyd, that is when Mr. Lloyd took a swing at him?
 {¶ 20} "A: Correct.
 {¶ 21} "Q: All right. And that's what Mr. Rutledge describes as the event?
 {¶ 22} "A: Yes.
 {¶ 23} "* * *
 {¶ 24} "Q: Talking about that swing that Mr. Lloyd took after he was shoved, in your experience investigating assaults and batteries, have you ever run into the concept of self-defense?
 {¶ 25} "A: Yes.
 {¶ 26} "Q: Can you tell me what your understanding of that definition is?
 {¶ 27} "A: My understanding of the definition of self-defense is you're allowed to use as much force as necessary to get away from the situation.
 {¶ 28} "Q: All right. And is that — self-defense something that occurs after someone has been confronted?
 {¶ 29} "Mr. Hemenway: Note an objection. We're getting into an opinion and —
 {¶ 30} "Ms. Lynch: Let me rephrase that, your honor.
 {¶ 31} "The Court: Sure. Withdrawn. Go ahead.
 {¶ 32} "Q: In your experience with the issue of self-defense, based on your understanding of it because you have to use it in your investigation, does self-defense come into your interpretation of an event after there's a confrontation?
 {¶ 33} "Mr. Hemenway: Object. Still an opinion.
 {¶ 34} "The Court: Permit it. Overruled.
 {¶ 35} "The Witness: Yes.
 {¶ 36} "Q: Okay. Using then that experience, after Mr. Rutledge told you that he came out to confront Mr. Lloyd, that he approached Mr. Lloyd, that he shoved Mr. Lloyd, in your experience is Mr. Lloyd's swing at Mr. Rutledge at that point consistent with your understanding of what self-defense is?
 {¶ 37} "Mr. Hemenway: Objection.
 {¶ 38} "The Court: Sustained.
 {¶ 39} "Q: When Mr. Rutledge told you that Mr. Lloyd put his finger in his face, did he tell you that any of these little marks that he describes were caused by that?
 {¶ 40} "A: Caused by him sticking his finger in his face?
 {¶ 41} "Q: Yes.
 {¶ 42} "A: No."
 {¶ 43} We review this testimony in the context of the entire record and may reverse the judgment in the event we find that the trial court abused its discretion in its admission or denial of evidence during trial. The trial court's rulings must demonstrate that the court acted unreasonably, arbitrarily or unconscionably.Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217.
 {¶ 44} We conclude that the trial court acted carefully and consistently with the law, eventually sustaining the objection to the self-defense question. Since the trial court did not admit inadmissible, prejudicial evidence from the officer, the second Assignment of Error is overruled.
 ASSIGNMENT OF ERROR III THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTIONFOR DIRECTED VERDICT ON THE ISSUE OF PUNITIVE DAMAGES AND THEREBYALLOWING THE ISSUE TO BE PRESENTED TO THE JURY.
 {¶ 45} At the conclusion of all the evidence, the trial court overruled Mr. Rutledge's motion for directed verdict on the issue of punitive damages, and submitted the issue to the jury.
 {¶ 46} Punitive damages may be awarded where the fact finder determines that the tort was accompanied by malicious behavior.Preston v. Murty (1987), 32 Ohio St. 3d 334. "Malice can be placed in two general categories: first, behavior characterized by hatred, ill will, or a spirit of revenge and, second, extremely reckless behavior revealing a conscious disregard for a great and obvious harm." Calmes v. Goodyear Tire Rubber Co.
(1991), 61 Ohio St. 3d 470.
 {¶ 47} Upon a review of the record it is further patent that there was evidence of ill will, revenge and reckless behavior borne of prior confrontations between the parties and unjustified by the trespass of the dog on the premises.
 {¶ 48} Here the jury was properly instructed on the burden of proof and the legal criteria for assessing punitive damages, and their verdict is supported by some competent, credible evidence. Therefore, the third Assignment of Error is overruled.
 ASSIGNMENT OF ERROR IV THE TRIAL COURT ERRED IN NOT PERMITTING MEDICAL EVIDENCE INTOTHE TRIAL WHICH RELATED TO THE ANGER MANAGEMENT ISSUES OF THEPLAINTIFF/APPELLANT.
 {¶ 49} During the trial, the Rutledges proffered evidence from a medical expert that he had provided anger management treatment to Lloyd in the past. The trial court ruled the evidence inadmissible. The Rutledges claim that the evidence was relevant and should have been admitted in the context of the circumstances of the case.
 {¶ 50} Relevant evidence is described in Evid.R. 401 as:
 {¶ 51} "Evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
 {¶ 52} The trial court is the gatekeeper on the admission and exclusion of evidence to be presented to the jury. In this role, the trial court is obliged to exercise discretion, consistent with the provisions of applicable law. Here, the trial court determined that the evidence was inadmissible. That determination may only be reversed if we determine the court acted unreasonably, arbitrarily, or in an unconscionable manner.Blakemore, supra. This we decline to do. The fourth Assignment of Error is overruled.
 {¶ 53} The judgment of the trial court is affirmed.
 . . . . . . . . . . . . .
Wolff, J., and Donovan, J. concur.
(Hon. John R. Milligan, retired from the Fifth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).