[Cite as *Brothers v. Nixon*, 2020-Ohio-4035.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

JILL BROTHERS ET AL.,

Plaintiffs-Appellees,

v.

DAVID NIXON ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 CO 0046**

---

Civil Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2017 CV 602

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Matthew Ries* and *Atty. Jacqueline Johnston,* Harrington, Hoppe & Mitchell, Ltd., 108 Main Avenue, S.W., Suite 500, Warren, Ohio 44481, for Plaintiffs-Appellees and

*Atty. J. Thompson* and *Atty. Jerry Krzys*, Henderson, Covington, Messenger, Newman, 6 Federal Plaza Central, Suite 1300, Youngstown, Ohio 44503, for Defendants-Appellants.

Dated:
August 5, 2020

**Donofrio, J.**

{¶1}     Defendants-appellants, David, Alissa, and Ryan Nixon, appeal the judgment of the Columbiana County Common Pleas Court denying their motion for summary judgment and awarding plaintiffs-appellees, Jill Brothers, Laurel Brothers, and the Jill Brothers Trust, attorneys' fees and court costs following a jury trial.

{¶2}     David and Alissa Nixon are Ryan's parents.   Jill Brothers is Laurel's mother.  At all times relevant, the Nixons and the Brothers lived next door to each other in Negley, Ohio.  The Jill Brothers Trust owns the home where appellees Jill and Laurel reside.  At all times relevant, appellant Ryan and appellee Laurel were minors.

{¶3}     At some point between the night of December 5, 2015 and the early morning of December 6, 2015, appellees' home was vandalized.  Appellees Jill and Laurel were out-of-town when the vandalizing occurred.   They noticed that their home was vandalized when they returned later in the day on December 6, 2015.  A subsequent police investigation identified appellant Ryan as the person responsible for vandalizing appellees' home.

{¶4}     On December 4, 2017, appellees filed a complaint against appellants asserting six causes of action.  Relevant to this appeal, appellees' complaint asserted a civil action for damages for vandalism pursuant to R.C. 2307.70(B)(1) against all appellants and a negligent supervision claim against appellants David and Alissa. Appellees subsequently filed an amended complaint. The amended complaint also asserted their civil action for damages for vandalism pursuant to R.C. 2307.70(B)(1) and their negligent supervision claim.  Appellants filed an answer and counterclaim raising a defamation claim.

{¶5}     Appellants filed a motion for summary judgment seeking summary judgment on numerous grounds.  Relevant to this appeal, appellants sought summary judgment on appellees' R.C. 2307.70(B)(1) claim arguing it was "an action upon a statute for a penalty" and, therefore, barred by the one-year statute of limitations pursuant to R.C.

2305.11. Appellees filed an opposition to appellants' motion for summary judgment arguing that their R.C. 2307.70(B)(1) claim was subject to a six-year statute of limitations.

{¶6}    The trial court granted appellants' motion for summary judgment in part and denied it in part. Relevant to this appeal, the trial court held that appellees' R.C. 2307.70(B)(1) claim was governed by the two-year statute of limitations pursuant to R.C. 2305.10. As the cause of action accrued on either December 5, 2015 or December 6, 2015, the trial court held that appellees filed their complaint at least one day before the statute of limitations expired.

{¶7}    The matter proceeded to a jury trial on appellees' R.C. 2307.70(B)(1) claim, appellees' negligent supervision claim, and appellants' defamation claim. The jury found in favor of appellees on their R.C. 2307.70(B)(1) claim, found against appellees on their negligent supervision claim, and found against appellants on their defamation claim. The jury awarded appellees compensatory damages of $10,577.66, attorneys' fees, expenses, and costs. The jury denied appellees punitive damages.

{¶8}    The trial court subsequently held a hearing on the award of attorneys' fees. On November 14, 2019, the trial court awarded appellees $72,414.05 in attorneys' fees and $12,525.88 in expenses. Appellants timely filed this appeal on November 29, 2019. Appellants now raise two assignments of error.

{¶9}    Appellants' first assignment of error states:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS APRIL 8, 2019 JUDGMENT ENTRY BY REFUSING TO GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS-APPELLANTS ON PLAINTIFFS-APPELLEES' CLAIM UNDER R.C. 2307.70, BECAUSE R.C. 2307.70 IS A PENALTY STATUTE SUBJECT TO A ONE-YEAR STATUTE OF LIMITATIONS AND THE CLAIM WAS FILED BEYOND THE ONE-YEAR STATUTE OF LIMITATIONS.

{¶10}    Appellants argue that R.C. 2307.70 is a penalty statute subject to the one-year statute of limitations under R.C. 2305.11. Because appellees' complaint was filed one year and 364 days after the cause of action accrued, appellants argue that they were entitled to summary judgment on this claim.

Case No. 19 CO 0046

**{¶11}** An appellate court reviews a summary judgment ruling de novo. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper.

**{¶12}** A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher*, 9th Dist. Summit No. 27799, 2015-Ohio-4167, ¶ 8; Civ.R. 56(C). The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts to show that there is a genuine issue of material fact. *Id.*; Civ.R. 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (1993).

**{¶13}** We must first address whether we have the ability to review this assignment of error. Generally, the denial of a motion for summary judgment is not reviewable after a full trial on the merits. See *Calvary S.P.V.I., L.L.C. v. Krantz*, 8th Dist. Cuyahoga No. 97422, 2012-Ohio-2202, ¶ 9, *see also A N Bros. Corp. v. Total Quality Logistics, L.L.C.*, 12th Dist. Clermont No. CA2015-02-021, 2016-Ohio-549, ¶ 19. But when the denial of a motion for summary judgment is based on a pure question of law and that question of law has an impact on the case, then the denial of summary judgment may be reviewed. *Bobb Forest Products, Inc. v. Morbark Industries, Inc.*, 151 Ohio App.3d 63, 783 N.E.2d 560, ¶ 40 (7th Dist.2002).

**{¶14}** Appellants' argument is based on the statute of limitations. Determining when a cause of action accrues is an issue of fact but applying the statute of limitations to the factual determination is an issue of law. *Knowles v. Mercurio Custom Homes, Inc.*, 1st Dist. Hamilton No. C-040025, 2005-Ohio-33, ¶ 32; *Luft v. Perry County Lumber & Supply Co.*, 10th Dist. Franklin No. 02AP-559, 2003-Ohio-2305, ¶ 21.

**{¶15}** There is no dispute that appellees' R.C. 2307.70(B)(1) claim accrued on either the night of December 5, 2015 or the early morning of December 6, 2015.

Appellants are arguing that the trial court applied the wrong statute of limitations to this claim. The application of the statute of limitations is a pure question of law. This pure question of law also has an impact on the case because if this claim is time barred, appellants would not be liable for this claim. Thus, we can address this assignment of error.

{¶16}    The claim at issue in this assignment of error is appellees' R.C. 2307.70(B)(1) claim. R.C. 2307.70(B)(1) provides:

Any person who suffers injury or loss to person or property as a result of an act committed in violation of section 2909.05 [vandalism], 2927.11 [desecration], or 2927.12 [ethnic intimidation] of the Revised Code by a minor child has a civil action against the parent of the minor child and may recover in that action compensatory damages not to exceed fifteen thousand dollars, court costs, other reasonable expenses incurred in maintaining that action, and reasonable attorney's fees incurred in maintaining that action. A parent and the parent's minor child are jointly and severally liable as specified in this division for the injury or loss to person or property caused by the minor child's act committed in violation of section 2909.05, 2927.11, or 2927.12 of the Revised Code. If a person recovers compensatory damages from a parent of a minor child pursuant to this division, that recovery does not preclude the person from maintaining a civil action against the minor child pursuant to division (A) of this section.

{¶17}    R.C. 2305.11(A) provides, in relevant part, "an action upon a statute for a penalty or forfeiture shall be commenced within one year after the cause of action accrued[.]" Appellants' overall argument is that claims under R.C. 2307.70 are actions upon a statute for a penalty and, thus, are subject to a one-year statute of limitations pursuant to R.C. 2305.11(A).

{¶18}   Appellants argue that, under the Ohio Supreme Court's decision in *Cleveland Mobile Radio Sales, Inc. v. Verizon Wireless*, 113 Ohio St.3d 394, 2007-Ohio-2203, 865 N.E.2d 1275, R.C. 2307.70 is a penalty statute. In *Cleveland Mobile*, the Ohio Supreme Court addressed the issue of whether R.C. 4905.61 constituted a penalty

statute under R.C. 2305.11(A) for statute of limitations purposes. *Id.* at ¶ 1. R.C. 4905.61 provided, in part, that if a public utility violates certain laws, "such public utility * * * is liable to the person, firm, or corporation injured thereby in treble the amount of damages sustained in consequence of such violation, failure, or omission." *Id.* at ¶ 13.

**{¶19}** The Ohio Supreme Court set forth the following factors to determine whether a statute is penal or remedial: the statute at issue and its context; whether the primary purpose of the statute is to penalize or remedy and compensate; and the methods used by the General Assembly to accomplish the goals and overall purpose of the statutory scheme. *Id.* at ¶ 16.

**{¶20}** Using these factors, the Ohio Supreme Court concluded R.C. 4905.61 is a penalty statute because it contains a treble damage provision, the statute is narrowly tailored in that it compels "public utilities to comply with the regulatory rubric through the imposition of penalties or forfeitures[;]" and the overall purpose of Chapter 49 was to deter violations of law by companies with penalties rather than compensate victims. *Id.* at ¶ 15, 17-18.

**{¶21}** Appellants argue that, like *Cleveland Mobile* and R.C. 4905.61, R.C. 2307.70 is a penalty statute because it seeks to deter misconduct through punishments. This argument does not have merit.

**{¶22}** The text of R.C. 2307.70 focuses on making the victim whole or remedying a wrong done to a victim. R.C. 2307.70(A) provides that any person who suffers injury or loss to person or property as a result of vandalism "has a civil action against the offender" and may recover in that action a variety of damages. Similarly, R.C. 2307.70(B)(1) contains the same "has a civil action" language but holds parents liable for vandalism committed by minor children. The statute does not contain the words "penalty" or "forfeit." Moreover, R.C. 2307.70 does not provide for treble damages unlike the statute at issue in *Cleveland Mobile*. R.C. 2307.70(A) provides for victims to receive compensatory damages, punitive or exemplary damages, court costs, reasonable expenses, and reasonable attorneys' fees. However, R.C. 2307.70(B)(1) provides for compensatory damages with a dollar limitation, court costs, reasonable expenses, and reasonable attorney fees. The minor child may be subject to 2307.70(A) punitive or exemplary

damages, but not the parents. These remedies under (A) were not sought in the case before us.

**{¶23}** This leads to appellants' next argument which is because R.C. 2307.70 permits punitive damages, the statute is penal. "The purpose of punitive damages is not to compensate a plaintiff, but to punish and deter certain conduct." *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 651, 635 N.E.2d 331 (1994).

**{¶24}** The fact that R.C. 2307.70 provides for plaintiffs to receive punitive damages is not a sufficient reason to categorize the statute as a penalty statute for several reasons. First, as previously explained, R.C. 2307.70 independently creates a cause of action for vandalism victims, which implicates that the statute is not intended to punish defendants. Second, "punitive damages are awarded as a mere incident of the cause of action in which they are sought." *Id.* at 650. Thus, without compensatory damages provided by the statute, there is no claim for punitive damages. Third, as explained below, punitive damages are not completely determinative of whether a statute is penal in nature. Fourth, appellees' claim was premised on R.C. 2307.70(B)(1), not (A), and this subsection does not provide for punitive damages.

**{¶25}** Next, appellants' argue that R.C. 2307.70 is penal because it does not preclude the State of Ohio from bringing criminal charges for vandalism. Therefore, appellants argue that R.C. 2307.70 was designed to augment enforcement of criminal vandalism rather than provide a remedy to victims of criminal vandalism.

**{¶26}** Appellants cite *Cleveland Mobile* again where the Ohio Supreme Court held that R.C. 4905.61 "does not simply compensate an injured party with an award for actual damages but, rather, incorporates a treble-damage-award provision *and* provides that any recovery by a private plaintiff pursuant to it does not preclude the state from seeking additional penalties[.]" *Cleveland Mobile* at ¶ 18. "Thus, [R.C. 4905.61] was designed to augment enforcement of the law and to deter violations through penalties rather than to simply compensate consumers for violations." *Id.*

**{¶27}** The basis for the Ohio Supreme Court's decision that R.C. 4905.61 augmented enforcement of the law and deterred violations through penalties was because Title 49 of the Revised Code "was intended to penalize public utilities for failing to comply with their statutory obligations." *Id.* at ¶ 18-19. In this case, there is no duty to

comply with a statutory obligation. Appellees' R.C. 2307.70(B)(1) claim was not premised on appellants failing to comply with a statutory duty, it was premised on appellant Ryan committing vandalism.

**{¶28}** Moreover, in *Cleveland Mobile*, Title 49 of the Revised Code provided both individual plaintiffs and the state the ability to recover damages against public utilities for violations. The fact that Title 49 of the Revised Code provided individual plaintiffs and the state with damages indicated that 4905.61 augmented enforcement of the law and deterred violations. In this case, if the state were to seek additional action against appellant Ryan, then it would presumably be pursuant to the criminal vandalism statute R.C. 2909.05, not R.C. 2307.70. These are two different statutory schemes with R.C. 2909.05 providing the basis for punishing appellant Ryan and R.C. 2307.70(B)(1) providing the basis for compensating appellees.

**{¶29}** Appellants also rely on R.C. 2307.60, which they argue is analogous to R.C. 2307.70. Pursuant to R.C. 2307.60, "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action" including costs, attorneys' fees, and punitive or exemplary damages as authorized by law. R.C. 2307.60(A)(1). Appellants point out that the Eighth District has held R.C. 2307.60 is a penalty statute.

**{¶30}** In *Steinbrick v. Cleveland Elec. Illuminating Co.*, 8th Dist. Cuyahoga No. 66035, 1994 WL 463817 (Aug. 25, 1994), the Eighth District held that because R.C. 2307.60 provides plaintiffs with costs as well as punitive and exemplary damages, it is a penalty statute under R.C. 2305.11(A). *Id.* at * 2. The Eighth District later reaffirmed its ruling in *Steinbrick* that R.C. 2307.60 is a penalty statute. *State ex rel. County of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.*, 8th Dist. Cuyahoga No. 104157, 2017-Ohio-7727, ¶ 131.

**{¶31}** *Steinbrick* states that because R.C. 2307.60 contemplated punitive damages, it is penal. The holding in *Jones Lang* simply reaffirmed *Steinbrick*. No other Ohio court has held R.C. 2307.60 is a penalty statute. Although, as appellants point out, federal courts have concluded that R.C. 2307.60 is a penalty statute. *Duffey v. Pope*, S.D. Ohio No. 2:11-cv-16, 2012 WL 4442753; *Marquardt v. Carlton*, N.D. Ohio No. 1:18

CV 333, 2019 WL 1491966. But the Southern District of Ohio in *Duffey* cited *Steinbrick* as its only reason for said ruling.

**{¶32}** Appellees counter by citing two Ohio Supreme Court cases: *Rice v. CertainTeed Corp.*, 84 Ohio St.3d 417, 704 N.E.2d 1217 (1999), and *Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.*, 70 Ohio St.3d 281, 638 N.E.2d 991 (1994). In both cases, the Ohio Supreme Court held "[a] law is not penal merely because it imposes an extraordinary liability on a wrongdoer in favor of a person wronged, which is not limited to damages suffered by him." *Rice* at 421 quoting *Cosgrove*. *Rice* specifically held that a statute providing for punitive damages does not automatically render it penal in nature. *Id.*

**{¶33}** Moreover, as previously stated, appellees' vandalism claim was brought pursuant to R.C. 2307.70(B)(1) as appellant Ryan was 17 years old at the time he vandalized the house. This subsection does not provide for punitive damages.

**{¶34}** Additionally, although not addressing the issue of whether R.C. 2307.70 is a penalty statute subject to a one-year statute of limitations, several courts have applied the two-year statute of limitations to R.C. 2307.70 claims. See *McDonald v. Corning,* 5th Dist. Perry No. 14-CA-00027, 2015-Ohio-3002; *Vandiver v. Morgan Adhesive Co.,* 126 Ohio App. 3d 634, 710 N.E.2d 1219 (9th Dist. 1998).

**{¶35}** In conclusion, R.C. 2307.70 is not a penalty statute subject to a one-year statute of limitations because the expressed language of this statute creates a cause of action for victims of, among other things, vandalism. The overall purpose of the statute is not punishing defendants but rather compensating victims. The fact that R.C. 2307.70(A) provides for punitive damages is not sufficient to render it penal in nature because the overall purpose of the statute is to compensate victims. Moreover, appellees' claim was premised on R.C. 2307.70(B)(1) and this subsection does not provide for punitive damages.

**{¶36}** Accordingly, appellants' first assignment of error is without merit and is overruled.

**{¶37}** Appellant's second assignment of error states:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS JULY 10, 2019 JUDGMENT ENTRY AND ITS NOVEMBER 14, 2019 JUDGMENT

ENTRY BY CONFIRMING THE JURY'S AWARD OF ATTORNEYS' FEES, SCHEDULING AND CONDUCTING A HEARING ON ATTORNEYS' FEES AND LITIGATION EXPENSES, AND AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES IN FAVOR OF PLAINTIFFS-APPELLEES WHEN THE JURY DID NOT AWARD PUNITIVE DAMAGES AND PLAINTIFFS-APPELLEES WHEN THE JURY DID NOT AWARD PUNITIVE DAMAGES AND PLAINTIFFS-APPELLEES FAILED TO ASSERT A STATUTORY CLAIM PERMITTING RECOVERY OF ATTORNEYS' FEES AND LITIGATION EXPENSES WITHIN THE APPLICABLE STATUTE OF LIMITATIONS.

**{¶38}** Appellants do not dispute the amount of attorneys' fees in this assignment of error but argue that any award of attorneys' fees in this case is improper. First, they argue that appellees are not entitled to attorneys' fees for their R.C. 2307.70(B)(1) claim because that claim is time barred for the reasons set forth in their first assignment of error. Second, they argue that appellees are not entitled to attorneys' fees for their common law claims because the jury did not award appellees punitive damages.

**{¶39}** An award of attorneys' fees is subject to an abuse of discretion standard of review. *Motorists Mut. Ins. Co. v. Brandenburg,* 72 Ohio St.3d 157, 160, 648 N.E.2d 488 (1995). Abuse of discretion connotes more than an error of law; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶40}** "Ohio has long adhered to the 'American rule' with respect to recovery of attorney fees: a prevailing party in a civil action may not recover attorney fees as a part of the costs of litigation." *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, ¶ 7. There are exceptions to the American rule, such as when a statute provides for the recovery of attorneys' fees or if a contract between the parties provides for attorneys' fees. *Id.* at ¶ 7-8. Additionally, attorneys' fees may be awarded as an element of compensatory damages if punitive damages are also awarded. *Spires v. Oxford Mining Co., LLC*, 7th Dist. Belmont No. 2018-Ohio-2769, ¶ 46

Case No. 19 CO 0046

**{¶41}** There is no indication that a contract existed between the parties in this case nor did the jury award appellees punitive damages. Thus, these exceptions to the American rule do not apply.

**{¶42}** But R.C. 2307.70(B)(1) provides for a person injured in person or property as a result of vandalism to recover attorneys' fees. Appellants argue that, for the reasons stated in their first assignment of error, appellees are not entitled to attorneys' fees for their R.C. 2307.70(B)(1) claim because this claim is barred by the one-year statute of limitations. For the reasons stated in appellants' first assignment of error, this argument is without merit. Because R.C. 2307.70(B)(1) provides an award of attorneys' fees, the award of attorneys' fees was proper.

**{¶43}** Accordingly, appellants' second assignment of error is without merit and is overruled.

**{¶44}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Robb, J., concurs.

D'Apolito, J., dissents with dissenting opinion.

Case No. 19 CO 0046

D'Apolito, J., dissenting opinion.

**{¶45}** For the following reasons, I respectfully dissent.

**{¶46}** The Eighth District in *Steinbrick v. Cleveland Elec. Illum. Co.*, 8th Dist. Cuyahoga No. 66035, 1994 WL 463817, held that the one-year statute of limitations set forth in R.C. 2305.11 applied to a claim for damages filed pursuant to R.C. 2307.60. R.C. 2307.60 provides a civil remedy for injury suffered as a result of a criminal act. The statute mirrors R.C. 2307.70 to the extent that it provides for the recovery of full damages, costs and attorney's fees, as well as punitive damages. The Eighth District opined that R.C. 2307.60 "contemplates a penalty." *Steinbrick* at ¶ 2; See also *State ex rel. Cty. of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.*, 8th Dist. Cuyahoga No. 104157, 2017-Ohio-7727, ¶ 131. I agree with the Eighth District's analysis, and would find that it applies with equal force to R.C. 2307.60.

**{¶47}** Further, R.C. 2307.60 provides for the recovery of reasonable attorney's fees. Ohio has long adhered to the "American rule" that "a prevailing party in a civil action may not recover attorney fees as part of the costs of litigation." *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, ¶ 7. "Attorney fees may be awarded, as an exception to the American rule, as a part of the relief granted to a litigant in actions where the losing party has acted in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons." *T.C. v. K.C.*, 7th Dist. Noble No. 17 NO 0453, 2018-Ohio-5403, ¶ 59, appeal not allowed, 155 Ohio St.3d 1438, 2019-Ohio-1536, 121 N.E.3d 409, ¶ 60 (2019). Insofar as the statute provides for the recovery of attorney's fees in the absence of a showing of bad faith or vexatious, wanton, or obdurate conduct, I would find that the statute is therefore punitive in nature.

**{¶48}** For the reasons stated above, I would find that the trial court erred when it did not dismiss Plaintiffs-Appellees' claims as time-barred by the one-year statute of limitations set forth in R.C. 2305.11.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**