[Cite as *Harris v. Cunix*, 2022-Ohio-839.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tracey Harris, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 21AP-13 |
| v. | : | (C.P.C. No. 20CV-2485) |
| Shawn Cunix, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on March 17, 2022

**On brief:** *Law Offices of F. Benjamin Riek III*, and *F. Benjamin Riek III*, for appellant. **Argued:** *F. Benjamin Riek III*.

**On brief:** *Dinsmore & Shohl LLP*, *Jan E. Hensel* and *Jacqueline N. Rau*, for appellee. **Argued:** *Jan E. Hensel*.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, Tracey Harris, appeals from a judgment entered by the Franklin County Court of Pleas denying her motion to amend her complaint and granting motions filed by defendant-appellee, Shawn Cunix, to strike appellant's amended complaint and to dismiss appellant's complaint. For the following reasons, we reverse the trial court's judgment and remand the matter for further proceedings.

{¶ 2} In 2014, appellant was a poker table dealer at the Hollywood Casino ("casino") in Columbus. In June 2014, appellee, while playing poker at appellant's table, stood next to appellant, put his hands down her pants, and told her he could see her

underwear.  In December 2014, appellee, again playing poker at appellant's table, crawled under the table and wrapped his arms around appellant's thighs for 30 to 45 seconds.

{¶ 3}  On March 27, 2020, appellant filed a complaint against appellee alleging that his June and December 2014 conduct constituted aiding and abetting sex discrimination in violation of R.C. 4112.02(J).  On June 8, 2020, appellee moved to dismiss the complaint pursuant to Civ.R. 12(B)(6).

{¶ 4}  On August 13, 2020, appellant, without first seeking leave from the trial court, filed an amended complaint adding an R.C. 2307.60(A)(1) civil claim for damages arising from various criminal acts.[1]  Specifically, appellant alleged that appellee's conduct in June and December 2014 constituted criminal assault, menacing by stalking, gross sexual imposition, and sexual imposition.  On September 10, 2020, appellee filed a motion to strike appellant's amended complaint, arguing that the R.C. 2307.60(A)(1) claim was time-barred by the one-year statute of limitations set forth in R.C. 2305.11(A).  On September 18, 2020, appellant filed a response, arguing that the six-year statute of limitations in R.C. 2305.07 governed her claim.  On September 25, 2020, appellee filed a reply reiterating his claim that the one-year statute of limitations in R.C. 2305.11(A) barred appellant's claim.  On October 13, 2020, appellant filed a motion to amend the complaint, along with an amended complaint identical to that filed on August 13, 2020.

{¶ 5}  In a decision and entry filed December 10, 2020, the trial court found appellant's proposed amendment adding a new claim under R.C. 2307.60(A)(1) to be futile as "[p]ersuasive authority establishes that R.C. 2307.60 is a penalty statute subject to a one-year statute of limitations under R.C. 2305.11(A)."  (Dec. 10, 2020 Decision & Entry at 2.) Accordingly, the court denied appellant's motion to amend the complaint and granted appellee's motion to strike the amended complaint.  The trial court also granted appellee's Civ.R. 12(B)(6) motion to dismiss appellant's complaint and dismissed the case with prejudice.

{¶ 6}  Appellant timely appeals, assigning a single error for our consideration:

---

[1] In *Jacobson v. Kaforey,* 149 Ohio St.3d 398, 2016-Ohio-8434, the Supreme Court of Ohio determined that "[b]y its plain and unambiguous language, R.C. 2307.60 creates a civil cause of action for damages resulting from any criminal act, unless otherwise prohibited by law." *Id.* at ¶ 13. Nearly a decade later, the court determined that "the plain language of the statute does not require proof of an underlying criminal conviction." *Buddenberg v. Weisdac,* 161 Ohio St.3d 160, 2020-Ohio-3832, ¶ 11.

Since Revised Code Section 2307.60 is a remedial statute and subject to a six-year statute of limitations in accordance with Revised Code Section 2305.70 [sic] did the Trial Court err in dismissing Appellant's complaint finding R.C. § 2307.60 to be a punitive statute and thus subject to a one[-]year limitations period?

{¶ 7} Preliminarily, we note that although appellant frames her assignment of error as challenging the dismissal of her complaint, the issue presented for review and the arguments set forth in her brief address only one issue—whether the trial court erred in denying her motion to amend her complaint as futile based upon its finding that R.C. 2307.60(A)(1) is a penalty statute subject to the one-year statute of limitations in R.C. 2305.11(A). The trial court discussed the statute of limitations issue in the portion of its decision and entry addressing appellant's motion to amend her complaint and appellee's motion to strike appellant's amended complaint. Upon determining that appellant's R.C. 2307.60(A)(1) claim was barred by the one-year statute of limitations set forth in R.C. 2305.11(A), the court denied appellant's motion to amend her complaint to add that claim and granted appellee's motion to strike appellant's amended complaint. As a result, appellant's complaint alleged only a sex discrimination claim under R.C. 4112.02(J), which was the only claim subject to appellee's motion to dismiss. At oral argument before this court, appellant conceded that she was not challenging the dismissal of her complaint. Consequently, we will consider appellant's arguments as challenging the trial court's decision denying her motion to amend her complaint and granting appellee's motion to strike her amended complaint based upon persuasive authority establishing that R.C. 2307.60(A)(1) is a penalty statute subject to the one-year statute of limitations in R.C. 2305.11(A).

{¶ 8} Civ.R. 15(A) provides for amendment of pleadings by leave of court or by written consent of the opposing party after a responsive pleading has been made. *Leatherwood v. Medco Health Solutions of Columbus*, 10th Dist. No. 13AP-242, 2013-Ohio-4780, ¶ 10. A motion to amend a complaint generally may be denied if there is a finding of bad faith, undue delay, or prejudice. *Id.*, citing *Hoover v. Sumlin*, 12 Ohio St.3d 1, 8 (1984). In addition, a motion to amend a complaint may be denied if the amendment would be futile. *Natl. City Bank v. Citizens Natl. Bank*, 2d Dist. No. 20323, 2004-Ohio-6060, ¶ 26, citing *Central Motors Corp. v. Pepper Pike*, 9 Ohio App.3d 18, 20-21 (8th

Dist.1983). An appellate court reviews a decision to grant or deny a motion to amend a complaint for an abuse of discretion. *Townsend v. Ohio Dept. of Transp.*, 10th Dist. No. 11AP-672, 2012-Ohio-2945, ¶ 34, citing *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 122 (1991). In addition, a trial court's decision to grant or deny a motion to strike is also subject to an abuse of discretion standard of review. *KeyBank Natl. Assn. v. Columbus Campus, LLC*, 10th Dist. No. 11AP-920, 2013-Ohio-1243, ¶ 68, citing *Douglass v. Salem Community Hosp.*, 153 Ohio App.3d 350, ¶ 20 (7th Dist.2003); *see also Padula v. Wagner*, 9th Dist. No. 27509, 2015-Ohio-2374, ¶ 35 (trial court did not abuse its discretion in granting motion to strike amended complaint).

{¶ 9} An abuse of discretion occurs when a court's judgment is unreasonable, arbitrary, or unconscionable. *State ex rel. McCann v. Delaware Cty. Bd. of Elections*, 155 Ohio St.3d 14, 2018-Ohio-3342, ¶ 12; *State v. Beavers*, 10th Dist. No. 11AP-1064, 2012-Ohio-3654, ¶ 8. However, even under an abuse of discretion standard, no court is authorized, within its discretion, to commit an error of law. *Badescu v. Badescu*, 10th Dist. No. 18AP-947, 2020-Ohio-4312, ¶ 9 (further citations omitted.) Thus, a court abuses its discretion when its ruling is based on an error of law or a misapplication of law to the facts. *Id.* (Further citations omitted.) The applicable statute of limitations presents a question of law an appellate court reviews de novo. *Timbuk Farms, Inc. v. Hortica Ins. & Emp. Benefits*, 5th Dist. No. 2021 CA 00017, 2021-Ohio-4141, ¶ 50, citing *Haskins v. 7112 Columbia, Inc.*, 7th Dist. No. 15 MA 0192, 2016-Ohio-5575, ¶ 15. *See also Potter v. Cottrill*, 4th Dist. No. 11CA685, 2012-Ohio-2417, ¶ 9.

{¶ 10} Appellant contends the trial court abused its discretion in denying her motion to amend her complaint and in striking her amended complaint because the trial court based its decision on a legal error—that R.C. 2307.60(A)(1) is a penalty statute and that claims brought thereunder are subject to the one-year statute of limitations in R.C. 2305.11(A). Appellant maintains that R.C. 2307.60(A)(1) is a remedial statute; thus, claims brought pursuant to that statute are subject to the six-year statute of limitations in R.C. 2305.07(B). Thus, argues appellant, her R.C. 2307.60(A)(1) claim was timely filed and the trial court erred in finding otherwise.

{¶ 11} R.C. 2307.60(A)(1) provides that "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically

excepted by law, may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code."  The statute does not contain a limitations period of its own, nor has the Supreme Court of Ohio or this court specifically addressed the limitations issue.

{¶ 12} As noted above, the statutes of limitation at issue are R.C. 2305.11(A), which provides in relevant part that "an action upon a statute for a penalty or forfeiture shall be commenced within one year after the cause of action accrued," and R.C. 2305.07(B), which states that "[a]n action upon a liability created by statute other than a forfeiture or penalty shall be brought within six years after the cause of action accrued."  In finding appellant's proposed amendment adding an R.C. 2307.60 claim to be futile, the trial court essentially concluded that R.C. 2307.60 is penal, rather than remedial, rendering appellant's claim subject to the one-year statute of limitations in R.C. 2305.11(A).  In support, the trial court cited two cases from the Eighth District Court of Appeals and one case from the Southern District of Ohio, all of which applied R.C. 2305.11(A) to bar R.C. 2307.60 claims filed more than one year after the cause of action accrued.  Specifically, in *Steinbrick v. Cleveland Elec. Illum. Co.*, 8th Dist. No. 66035, 1994 Ohio App. LEXIS 3756 (Aug. 25, 1994), the Eighth District, citing the language in R.C. 2307.60 permitting a plaintiff to collect "punitive or exemplary damages," determined that "because R.C. 2307.60 contemplates a penalty, * * * R.C. 2305.11(A) is the applicable statute of limitations."  *Id.* at *5.  Following its decision in *Steinbrick*, the Eighth District reaffirmed that "R.C. 2307.60 contemplates a penalty, therefore it is subject to the one-year statute of limitations in R.C. 2305.11(A)."  *State ex rel. Cty. of Cuyahoga v. Jones Lang Lasalle Great Lakes Corporate Real Estate, LLC*, 8th Dist. No. CA-16-104157, 2017-Ohio-7727, at ¶ 131 ("*Jones Lang*").  The Southern District of Ohio also applied *Steinbrick's* conclusion that R.C. 2307.60(A)(1) is a penalty statute to which the one-year statute of limitations in R.C. 2305.11(A) applies.  *Duffy v. Pope*, S.D. No. 2:11-cv-16, 2012 U.S. Dist. LEXIS 137471 (Sept. 25, 2012).

{¶ 13} Appellant contends that the trial court erred in relying on these cases, as they failed to apply "mandates" from the Supreme Court of Ohio for determining whether a statute is penal or remedial.  (Appellant's Brief at 9.)  Appellant cites *Cosgrove v.*

*Williamsburg of Cincinnati Mgt. Co.*, 70 Ohio St.3d 281 (1994), which considered the statute of limitations applicable to R.C. 4112.99.[2] That statute provided in full: "Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief." The Supreme Court held that "R.C. 4112.99 is a remedial statute, and is thus subject to R.C. 2305.07's six-year statute of limitations." *Cosgrove* at syllabus. Justice Resnick authored a concurring opinion, joined by four justices, which set forth the following three-prong test for determining whether a statute is penal or remedial: "(1) whether the purpose of the statute is to redress individual wrongs or wrongs to the public, (2) whether recovery runs to the individual or to the public, and (3) whether the authorized recovery is wholly disproportionate (or unrelated) to the harm suffered." *Id.* at 288. Appellant maintains that the trial court erred in failing to apply this test in its analysis of the statute of limitations applicable to R.C. 2307.60(A)(1).

{¶ 14} Appellant also relies on *Rosette v. Countrywide Home Loans, Inc.*, 105 Ohio St.3d 296, 2005-Ohio-1736 in support of her claim that R.C. 2307.60(A)(1) is a remedial statute subject to the six-year statute of limitations in R.C. 2305.07. There, the Supreme Court considered the statute of limitations applicable to R.C. 5301.36(C), which provides that " 'a mortgagor may recover, in a civil action, damages of [$250]' if the mortgagee fails to record the satisfaction of a residential mortgage with the appropriate county recorder's office within 90 days from the date of satisfaction." *Id.* at ¶ 10, quoting R.C. 5301.36(C). The court concluded that R.C. 5301.36(C) is a remedial statute and thus subject to the six-year statute of limitations set forth in R.C. 2305.07. *Id.* at syllabus. The court based its holding on the plain language of R.C. 5301.36(C) and the fact that had the General Assembly intended to do so, it could have used the term "forfeiture" or "penalty" rather than "damages" in the statute. *Id.* at ¶ 13-14. The court reasoned that in enacting the statute and choosing the particular words codified therein, the General Assembly intended to provide a remedy to an aggrieved individual mortgagor rather than to impose a penalty upon the wrongdoing mortgagee. The court held that to conclude that the General Assembly intended to create a penalty in R.C. 5301.36(C) rather than to provide for damages, the court would be required to ignore the plain term "damages" and to insert the term "penalty" or "forfeiture" into the statute. The court declined to do so, noting that the

---

[2] R.C. 4112.99 addressed employment discrimination and was repealed effective April 15, 2021.

General Assembly had used the terms "penalty" or "forfeiture" in other statutes and could have used them again if it so intended. *Id.* at ¶ 14. Appellant contends that construing R.C. 2307.60(A)(1) as a penal statute would require deletion of the term "damages" and insertion of the word "penalty" or "forfeiture," a practice not countenanced by the Supreme Court under *Rosette.*

{¶ 15} Appellant also argues that under *Cleveland Mobile Radio Sales, Inc. v. Verizon Wireless*, 113 Ohio St.3d 394, 2007-Ohio-2203, R.C. 2307.60(A)(1) is a remedial statute. In *Cleveland Mobile*, the Supreme Court considered whether R.C. 4905.61 constitutes a penalty statute for statute of limitations purposes. *Id.* at ¶ 1. R.C. 4905.61 provides in part that if a public utility violates certain laws, " 'such public utility * * * is liable to the person, firm, or corporation injured thereby in treble the amount of damages sustained in consequence of such violation, failure, or omission.' " *Cleveland Mobile* at ¶ 13, quoting R.C. 4905.61. The court noted the following factors to determine whether a statute is penal or remedial: the statute at issue and its context; whether the primary purpose of the statute is to penalize or remedy and compensate; and the methods used by the General Assembly to accomplish the goals and overall purpose of the statutory scheme. *Id.* at ¶ 16. Applying these factors, the court found that R.C. 4905.61 "does not simply compensate an injured party with an award for actual damages but, rather, incorporates a treble-damage award provision *and* provides that any recovery by a private plaintiff pursuant to it does not preclude the state from seeking additional penalties." (Emphasis sic.) *Id.* at ¶ 18. Thus, the court concluded that the statute "was designed to augment enforcement of the law and to deter violations through penalties rather than to simply compensate consumers for violations." *Id.* Appellant contends that unlike R.C. 4905.61, R.C. 2307.60(A)(1) has only one purpose—to allow persons injured by a criminal act to seek damages; thus, it is not a penalty statute.

{¶ 16} In addition, appellant contends that a recent case from the Seventh District Court of Appeals compels the conclusion that R.C. 2307.60(A)(1) is remedial. In *Brothers v. Nixon*, 7th Dist. No. 19 CO 0046, 2020-Ohio-4035, a minor child vandalized the victims' home. The victims asserted a civil action for damages for vandalism pursuant to R.C. 2307.70(B)(1) against the parents of the minor child. The parents sought summary judgment on the claim, arguing that it was an action upon a penalty statute and thus barred

by the one-year statute of limitations in R.C. 2305.11. The victims opposed summary judgment, arguing that their R.C. 2307.70(B)(1) claim was subject to a six-year statute of limitations. The trial court held that the claim was governed by the two-year statute of limitations in R.C. 2305.10 and that the claim was timely filed.

{¶ 17} On appeal, the parents argued that they were entitled to summary judgment on their R.C. 2307.70 claim because that statute is a penalty statute governed by the one-year statute of limitations under R.C. 2305.11. R.C. 2307.70(B)(1), the section of R.C. 2307.70 under which the victims sued, provides in relevant part that " '[a]ny person who suffers injury or loss to person or property as a result of an act committed in violation of [certain criminal statutes] by a minor child has a civil action against the parent of the minor child and may recover in that action compensatory damages not to exceed [$15,000], court costs, other reasonable expenses incurred in maintaining that action, and reasonable attorney fees incurred in maintaining that action.' " *Brothers* at ¶ 16, quoting R.C. 2307.70(B)(1).

{¶ 18} The court of appeals concluded that R.C. 2307.70 is not a penalty statute subject to the one-year statute of limitations in R.C. 2305.11. *Id.* at ¶ 35. In so concluding, the court observed that the text of the statute focuses on making the victim whole or remedying a wrong done to a victim and does not contain the terms "penalty" or "forfeit." *Id.* at ¶ 22. The court further noted that R.C. 2307.70 does not provide for treble damages as did the statute considered in *Cleveland Mobile*, 113 Ohio St.3d 394, 2007-Ohio-2203. *Id.* In addition, the court observed that although R.C. 2307.70(A), which allows victims to recover compensatory damages, punitive or exemplary damages, court costs, reasonable expenses, and reasonable attorney fees from a minor child offender, the statute under which the victims sued, R.C. 2307.70(B)(1), does not subject the child's parents to punitive or exemplary damages. *Id.*

{¶ 19} The court also rejected the parents' argument that because R.C. 2307.70(A) permits recovery of punitive damages, the statute is penal. The court first noted that " '[t]he purpose of punitive damages is not to compensate a plaintiff, but to punish and deter conduct.' " *Id.* at ¶ 24, quoting *Moskovitz v. Mt. Sinai Med. Ctr.,* 69 Ohio St.3d 638, 651 (1994). The court further stated that "[t]he fact that R.C. 2307.70 provides for plaintiffs to receive punitive damages is not a sufficient reason to categorize the statute as a penalty

statute for several reasons. First, * * * R.C. 2307.70 independently creates a cause of action for vandalism victims, which implicates that the statute is not intended to punish defendants. Second, 'punitive damages are awarded as a mere incident of the cause of action in which they are sought.' [*Moskovitz* at 650.] Thus, without compensatory damages provided by the statute, there is no claim for punitive damages. Third, * * * punitive damages are not completely determinative of whether a statute is penal in nature. Fourth, [the victims'] claim was premised on R.C. 2307.70(B)(1), not (A), and this subsection does not provide for punitive damages." *Brothers*, 7th Dist. No. 19 CO 0046, 2020-Ohio-4035, at ¶ 24.

{¶ 20} The court also found misguided the parents' reliance on *Cleveland Mobile* to support its argument that R.C. 2307.70 is penal because it does not preclude the state from bringing criminal charges for vandalism; thus, according to the parents, the statute is designed to augment enforcement of criminal vandalism rather than provide a remedy to victims of that crime. *Brothers* ¶ 25. The court distinguished *Cleveland Mobile*, finding that the Supreme Court of Ohio's decision that R.C. 4905.61 augmented enforcement of the law and deterred violations through penalties was because R.C. Chapter 49 " 'was intended to penalize public utilities for failing to comply with their statutory obligations.' " *Brothers* at ¶ 27, quoting *Cleveland Mobile* at ¶ 18-19. The court noted that in the present case, there "is no duty to comply with a statutory obligation. [The victims'] R.C. 2307.70(B)(1) claim was not premised on [the child offender's parents] failing to comply with a statutory duty, it was premised on [the child offender] committing vandalism." *Brothers* at ¶ 28.

{¶ 21} The court also noted that in *Cleveland Mobile*, R.C. Chapter 49 provided both individual plaintiffs and the state the ability to recover damages against public utilities for violations, a fact indicating that R.C. 4905.61 augmented enforcement of the law and deterred violation. *Brothers* at ¶ 28. In contrast, "if the state were to seek additional action against [the child offender], then it would presumably be pursuant to the criminal vandalism statute R.C. 2909.05, not R.C. 2307.70. These are two different statutory schemes with R.C. 2909.05 providing the basis for punishing [the child offender] and R.C. 2307.70(B)(1) providing the basis for compensating [the victims]." *Brothers* at ¶ 28.

{¶ 22} Finally, the court addressed the parents' argument that R.C. 2307.70 is a penalty statute based upon the Eighth District's construction of an analogous statute—R.C.

2307.60(A)(1)—as a penalty statute. After noting the Eighth District's holding in *Steinbrick*, 8th Dist. No. 66035, 1994 Ohio App. LEXIS 3756 (Aug. 25, 1994), that R.C. 2307.60 is a penalty statute under R.C. 2305.11(A) because it contemplates punitive damages, and the summary reaffirmation and application of that ruling in *Jones Lang*, 8th Dist. No. CA-16-101457, 2017-Ohio-4066, and *Duffey*, S.D. No. 2:11-cv-16, 2012 U.S. Dist. LEXIS 137469, respectively, the court subtly implied, without expressly asserting, that it disagreed with the Eighth District's analysis. Indeed, the court observed that "no other Ohio court has held R.C. 2307.60 is a penalty statute." *Brothers* at ¶ 31. The court further cited two Supreme Court of Ohio cases, *Rice v. CertainTeed Corp.*, 84 Ohio St.3d 417 (1999), and *Cosgrove*, 70 Ohio St.3d 281 (1994), both of which held that " ' "[a] law is not penal merely because it imposes an extraordinary liability on a wrongdoer in favor of a person wronged, which is not limited to damages suffered by him." ' " *Brothers* at ¶ 32, quoting *Rice* at 421, quoting *Cosgrove*. The court also noted *Rice's* specific holding that a statute providing for punitive damages does not automatically render it penal in nature. *Id.,* citing *Rice* at 421.

{¶ 23} The *Brothers* court concluded that "R.C. 2307.70 is not a penalty statute subject to a one-year statute of limitations because the expressed language of this statute creates a cause of action for victims of, among other things, vandalism. The overall purpose of the statute is not punishing defendants but rather compensating victims. The fact that R.C. 2307.70(A) provides for punitive damages is not sufficient to render it penal in nature because the overall purpose of the statute is to compensate victims. Moreover, [the victims' claim] was premised on R.C. 2307.70(B)(1) and this subsection does not provide for punitive damages." *Id.* at ¶ 35.

{¶ 24} Appellee counters that since *Cosgrove* was decided, the Supreme Court of Ohio has analyzed whether a statute imposes a penalty for purposes of R.C. 2305.11(A) without mentioning the three-factor test urged by Justice Resnick. Appellee further asserts that none of the cases upon which appellant relies specifically address the statute at issue in this case—R.C. 2307.60. Appellee also notes that appellant "does not cite a single Ohio state case or federal court case that has held that claims brought under R.C. 2307.60 are subject to a six-year statute of limitations" and that "Ohio state and federal courts have consistently held R.C. 2307.60 to be a penalty statute, and as such, subject to the one-year

statute of limitations in R.C. 2305.11(A)." (Appellee's Brief at 7-9.) Appellee points out that in addition to the cases relied upon by the trial court in its decision and entry, other state and federal cases have applied R.C. 2305.11(A)'s one-year statute of limitations to R.C. 2307.60 claims. *See, e.g.*, *Ettayem v. H.E.R., Inc.*, 5th Dist. No. 19 CAE 12 0070, 2020-Ohio-4647, ¶ 24, 26 (pursuant to *Steinbrick*, "[a] claim under R.C. 2307.60 is * * * subject to the one-year statute of limitations set by R.C. 2305.11(A)"); *Sampson v. Cleveland*, N.D. Ohio No. 1:20 CV 741, 2020 U.S. Dist. LEXIS 150851, at *9 (Aug. 20, 2020) ("The statute of limitations for [plaintiff's] state law claims is one year following the date the claims accrued. *See* * * * R.C. 2307.60 (criminal acts liability)."); *Marquardt v. Carlton*, N.D. Ohio No. 1:18-CV 333, 2019 U.S. Dist. LEXIS 58402, at *6-8 (Apr. 2, 2019), *rev'd on other grounds*, *Marquardt v. Carlton*, 971 F.3d 546, 2020 U.S. App. LEXIS 26355 (6th Cir.2020) ("Plaintiff has not cited, and the court has not identified, a single case that has applied the six-year statute of limitations to 2307.60(A)(1) claims. Consequently, the court finds that the applicable statute of limitations for claims brought under O.R.C. 2307.60(A)(1) is the one-year period identified in O.R.C. 2305.11(A)"); and *Roarty-Nugent v. Cuyahoga Cty.*, N.D. Ohio No. 1:20 CV 1025, 2020 U.S. Dist. LEXIS 168934, at *18 (Sept. 15, 2020) ("Plaintiff's claim for Civil Liability for Criminal Acts [under R.C. 2307.60(A)(1)] is barred by the one-year statute of limitations [in R.C. 2305.11(A)(1)]."). Appellee maintains that because every court that has considered the issue has applied the one-year statute of limitations to R.C. 2307.60(A)(1) claims, the trial court did not err in denying appellant's motion to amend her complaint and granting appellee's motion to strike on the ground that such amendment would be futile, as her R.C. 2307.60 claim was barred by the one-year statute of limitations.

{¶ 25} Although not cited by either party, this court notes a recent case from the Northern District of Ohio determining that a one-year limitations period governs claims brought under R.C. 2307.60. In *Brack v. Budish*, No. 1:19-cv-1436, 2021 U.S. Dist. LEXIS 92941, ___ F.Supp.3d ___, (N.D.Ohio 2021), the plaintiff asserted civil liability claims for various criminal acts under R.C. 2307.60. The plaintiff, relying on *Rosette*, 105 Ohio St.3d 296, 2005-Ohio-1736, argued that the six-year statute of limitations in R.C. 2305.07 should apply. The defendant, citing several state and federal cases, maintained that the one-year statute of limitations in R.C. 2305.11(A) applied to bar the plaintiff's claims. The district

court noted that "[e]very court that has considered the issue, State or federal, applies a one-year limitations period to claims under Section 2307.60.  Plaintiff cites no case casting doubt on this conclusion, and the Court's research has not located any.  Based on these longstanding, uniform rulings, the Court is hard pressed to reach any other conclusion." *Brack* at *12.

{¶ 26}  The court went on to note, however:

> Plaintiff's arguments have considerable force, however, and on a blank slate might well carry the day. On its face, Section 2307.60(A)(1) creates a cause of action for the victim of a crime to "recover full damages," suggesting the statute is not penal. To be sure, some parts of the statute allow for recovery of amounts that are penal in nature, such as punitive damages or attorneys' fees. But it is difficult to see why such language, subsidiary to the statute's authorization of a civil action to recover damages, would make it penal in nature as a whole.

> In this regard, Rosette may provide a rough analogy by virtue of its reliance on the statutory text and relying on the word "damages" in the statute.  Even if Rosette does not remain good law or, as [defendant] argues, is limited to its facts and has no application here, the substantive force of Section 2307.60 suggests a different limitations period should apply. In *Jacobson v. Kaforey*, 149 Ohio St. 3d 398, 2016-Ohio-8434, 75 N.E.3d 203, ¶ 12, the Ohio Supreme Court held that Section 2307.60 creates "a civil cause of action for damages." That holding does not sound like characterizing the statute as penal in nature. Rather, the statute provides crime victims with a civil recovery when they experience an injury to person or property.

> That statutory aim also suggests a longer limitations period. Actions for injuries to person or property generally, though not always, have longer limitations periods. Personal injury claims, for example, have a two-year limitations period. Ohio Rev. Code § 2305.10(A). And the general statute of limitations for felonies is six years.  *Id.* § 2901.13(A)(1)(a).

> Yet Ohio's lower courts continue to apply a one-year limitations period, even after the Ohio Supreme Court's ruling in Jacobson. *See, e.g.*, *Ettayem v. H.E.R., LLC*, 5th Dist. Delaware No. 19 CAE 12 0070, 2020-Ohio-4647, ¶ 24, 26 (affirming and adopting judgment of Delaware County Court of Common Pleas). So have the federal courts. *See, e.g., Marquardt v. Carlton*, No. 1:18 CV 333, 2019 U.S. Dist. LEXIS 58402, 2019 WL 1491966, at *3 (N.D. Ohio Apr. 2,

2019). Contrary to Plaintiff's argument, not all State or federal decisions reach this conclusion through unreasoned application of decisions superseded by the Ohio Supreme Court's decision in Jacobson. *See, e.g., id.; Duffey*, 2012 U.S. Dist. LEXIS 137471, at \*32-33, 2012 WL 2012 4442753, at \*7 (analyzing various State and federal authorities to determine one-year limitations period applies). Based on the uniform authority in the State and federal courts that have considered the issue, the Court predicts the Ohio Supreme Court would determine that a one-year statute of limitations applies to claims under Section 2307.60.

*Id.* at \*12-14.

{¶ 27} Upon careful consideration of the parties' arguments and supporting case law, we conclude that R.C. 2307.60(A)(1) is a remedial statute subject to the six-year statute of limitations in R.C. 2305.07(B) rather than a penalty statute governed by the one-year statute of limitations in R.C. 2305.11(A). We recognize that Ohio and federal jurisprudence regarding the statute of limitations applicable to claims brought pursuant to R.C. 2307.60(A)(1) is consistent, i.e., that such claims are subject to the one-year statute of limitations in R.C. 2305.11(A). We further acknowledge that the cases appellant cites in support of her position construe statutes other than R.C. 2307.60(A)(1). However, the analysis (or lack of analysis) employed by the courts in construing R.C. 2307.60(A)(1) and similar statutes convinces us that R.C. 2307.60(A)(1) is remedial, not penal.

{¶ 28} As noted above, the trial court cited three cases in support of its finding that appellant's proposed amendment adding a new claim under R.C. 2307.60(A)(1) was futile because R.C. 2307.60(A)(1) is a penalty statute subject to a one-year statute of limitations under R.C. 2305.11(A). However, the primary case relied upon for this proposition, *Steinbrick,* 8th Dist. No. 66035, 1994 Ohio App. LEXIS 3756, provides no analysis beyond the cursory finding that because the statute allows a plaintiff to recover punitive or exemplary damages, the statute "contemplates a penalty" and is thus subject to the one-year statute of limitations in R.C. 2305.11(A). *Steinbrick* did not consider the significance of the General Assembly's use of the term "damages" rather than "forfeiture" or "penalty," or whether the primary purpose of the statute is to provide a remedy to a crime victim or to punish the offender. Further, *Steinbrick* does not provide any rationale for its conclusion that the provision allowing recovery of punitive damages ipso facto renders the statute

penal in nature. The other two cases cited by the trial court, *Jones Lang*, 8th Dist. No. CA-16-104157, 2017-Ohio-7727 and *Duffy,* S.D. No. 2:11-cv-16, 2012 U.S. Dist. LEXIS 137471, merely follow *Steinbrick* without additional analysis.

{¶ 29} Moreover, the analyses employed by the Supreme Court of Ohio and other courts construing different statutes provides guidance regarding the remedial-versus-penal nature of R.C. 2307.60(A)(1).

{¶ 30} In both *Cosgrove,* 70 Ohio St.3d 281, and *Cleveland Mobile,* 113 Ohio St.3d 394, 2007-Ohio-2203, the Supreme Court of Ohio set forth factors to be considered in determining whether a statute is penal or remedial. The factors concern the primary purpose of the statute, i.e., whether the statute is to penalize or remedy and compensate, whether the statute redresses individual or public wrongs, whether recovery runs to the individual or to the public, and whether the statute was designed to augment enforcement of the law and to deter violations through penalties rather than simply compensate victims. *Cosgrove* at 288 (Resnick, J. concurring), and *Cleveland Mobile* at ¶ 16, 18.

{¶ 31} In *Rosette*, 105 Ohio St.3d 296, 2005-Ohio-1736, the Supreme Court of Ohio looked to the plain language of the statute at issue in concluding that the General Assembly's use of the term "damages" rather than "forfeiture" or "penalty" evidenced its intention to provide a remedy to the aggrieved party rather than to impose a penalty upon the wrongdoer.

{¶ 32} In *Brothers*, 7th Dist. No. 19 CO 0046, 2020-Ohio-4035, the court noted that the text of the statute at issue there focused on making the victim whole or remedying a wrong done to the victim rather than punishing the offender and did not contain the terms "penalty" or "forfeit." The court further noted the absence of language in the statute augmenting enforcement of the law and deterring violations. The court also stated that a provision in a statute providing for the recovery of punitive damages does not definitively render it penal in nature if the overall purpose of the statute is to compensate the victim. The court emphasized this last point in its discussion of the statute at issue in the present case—R.C. 2307.60(A)(1)

{¶ 33} Finally, although the *Brack* court ultimately followed the jurisprudence set forth in Ohio and federal cases specifically addressing R.C. 2307.60(A)(1), i.e., that because the statute permits a plaintiff to recover punitive or exemplary damages, the statute

contemplates a penalty and is thus subject to the one-year statute of limitations in R.C. 2305.11(A), the court addressed the plaintiff's claim that the statute was remedial and thus governed by the six-year statute of limitations in R.C. 2305.07. To that end, the court made several salient points that serve to bolster our conclusion that R.C. 2307.60(A)(1) is remedial, not penal.

{¶ 34} First, the court observed that the statute's creation of a civil cause of action for a crime victim to "recover full damages" suggests that the statute is not penal. Further, the language permitting recovery of punitive damages or attorney fees auxiliary to the primary purpose of the statute, i.e., to compensate victims, did not make the statute penal in nature as a whole. The court further observed that the Supreme Court's holding in *Jacobson v. Kaforey,* 149 Ohio St.3d 398, 2016-Ohio-8434 that R.C. 2307.60(A)(1) created a "civil cause of action for damages," *id.* at ¶ 12, did not suggest that the court characterized the statute as penal in nature. Finally, the court found that the statute's aim in authorizing damages for personal or property injury suggested a limitations period longer than one year.

{¶ 35} Applying the rationale employed in *Cosgrove, Cleveland Mobile, Rosette, Brothers,* and *Brack,* we find that the trial court erred as a matter of law in concluding that R.C. 2307.60(A)(1) is penal in nature, as we find the statute is remedial in nature. The General Assembly's use of the term "damages" rather than "forfeiture" or "penalty" signals that the primary purpose of the statute is to provide a remedy to a crime victim rather than to punish the offender. Any state action against the offender presumably would be taken pursuant to criminal statutes designed to punish the offender, rather than under R.C. 2307.60, which provides the basis for compensating victims. Further, that the statute provides for recovery of punitive damages does not definitively render the statute penal in nature, as the overall purpose of the statute is to compensate the victim.

{¶ 36} Having concluded that R.C. 2307.60(A)(1) is a remedial statute subject to the six-year statute of limitations in R.C. 2305.07(B), we find that the trial court's ruling denying appellant's motion to amend her complaint and granting appellee's motion to strike appellant's amended complaint based on a finding that R.C. 2307.60(A)(1) is a penalty statute subject to the one-year statute of limitations in R.C. 2305.11(A) was based on an error of law.

{¶ 37} Because the trial court's ruling regarding the applicable statute of limitations was legally erroneous, the portion of the judgment denying appellant's motion to amend the complaint and granting appellee's motion to strike the amended complaint must be reversed and the matter remanded to the trial court for further proceedings. However, we emphasize that the trial court's legal error in applying the wrong statute of limitations does not require the court to grant appellant's motion to amend her complaint. Rather, the trial court is free to consider other relevant factors such bad faith, undue delay, or prejudice in determining whether to grant or deny appellant's motion to amend her complaint and appellee's motion to strike appellant's amended complaint.

{¶ 38} For the foregoing reasons, appellant's single assignment of error is sustained, the portion of the judgment of the Franklin County Court of Common Pleas denying appellant's motion to amend the complaint and granting appellee's motion to strike the amended complaint is reversed, and the matter is remanded to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed and cause remanded.*

SADLER and JAMISON, JJ., concur.