[Cite as *Bend-Fast, Inc. v. SBA Monarch Towers III, L.L.C.*, 2024-Ohio-2036.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| BEND-FAST, INC., | CASE NO. 2023-A-0053 |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| SBA MONARCH TOWERS III, LLC, et al., | Trial Court No. 2023 CV 00014 |
| Defendants-Appellees. | |

## O P I N I O N

Decided: May 28, 2024
Judgment: Reversed and remanded

*Dennis D. DeCamillo*, 4414 North Ridge Road, W., Ashtabula, OH 44004 (For Plaintiff-Appellant).

*Steven K. Kelley*, *Edmond Z. Jaber*, *Mary Beth Klemencic*, and *Frank H. Scialdone*, Mazanec, Raskin & Ryder Co., LPA, 100 Franklin's Row, 34305 Solon Road, Cleveland, OH 44139 (For Defendant-Appellee SBA Monarch Towers III, LLC).

*Tracey L. Turnbull* and *McDaniel M. Kelly*, Porter, Wright, Morris & Arthur, LLP, 950 Main Avenue, Suite 500, Cleveland, OH 44113 (For Defendant-Appellee T-Mobile Central LLC).

*Kyle B. Smith*, Smith & Miller, Attorneys at Law, 36 West Jefferson Street, Jefferson, OH 44047; *Tonya J. Rogers, Gregory A. Beck*, and *Brittany A. Bowland*, Baker, Dublikar, Beck, Wiley & Mathews, 400 South Main Street, North Canton, OH 44720 (For Defendants-Appellees Geneva Township, Tim Mills, Dennis Brown, Tiffany Miller, Tammy Caya, Robert Russell and Richard Pruden).

ROBERT J. PATTON, J.

{¶1} The instant case concerns an access road and cables that appellant, Bend-Fast Inc. ("Bend-Fast") found buried on its property. The adjacent property was leased

by appellee, Geneva Township ("Geneva") to appellee T-Mobile Central, LLC ("T-Mobile"), who after building a cellular tower on Geneva's property assigned the lease to appellee SBA Monarch Towers III, LLC ("SBA") (collectively "appellees").

{¶2} Bend-Fast appeals the judgments of the Ashtabula County Court of Common Pleas that granted the appellees' motions for judgment on the pleadings, finding Bend-Fast's claims for trespass, criminal trespass (civil liability for criminal acts), unjust enrichment, and eminent domain (as against Geneva), were barred by the statute of limitations.

{¶3} Bend-Fast raises five assignments of error on appeal, contending in its first four assignments of error that the trial court erred by failing to find that a continuous trespass existed with respect to the buried cables and the access road on its property, thus finding the statute of limitations had run on its claims of civil trespass, criminal trespass, and unjust enrichment. In its fifth assignment of error, Bend-Fast contends the trial court erred by failing to construe all the allegations in its complaint as true pursuant to Civ.R. 12(C).

{¶4} We review Bend-Fast's errors collectively since they concern whether the trial court erred in finding Bend-Fast alleged a permanent trespass that was "fully accomplished," instead of a continuing trespass, which tolls the statute of limitations. After a careful review of the record and pertinent law, we find Bend-Fast's assignments to be with merit.

{¶5} Accepting all of the factual allegations of the complaint as true and drawing all inferences in favor of Bend-Fast, we find Bend-Fast has sufficiently stated a claim of continuing trespass, having alleged that the access road and buried cables were

2

Case No. 2023-A-0053

unauthorized, intentional acts placed on Bend-Fast's property by appellees; are an intrusion by appellees, which is interfering with Bend-Fast's rights of exclusive possession of its property; and appellees' control and conduct of the cellular tower are ongoing. Bend-Fast's remaining claims of criminal trespass and unjust enrichment are based on the same underlying conduct of appellees. Thus, the trial court erred in determining the statute of limitations had run on Bend-Fast's claims.

{¶6} The judgment of the Ashtabula County Court of Common Pleas is reversed and remanded in accordance with this opinion.

<b>Substantive and Procedural History</b>

{¶7} In January 2023, Bend-Fast filed a complaint in the Ashtabula County Court of Common Pleas against appellees as well as individual Geneva Township Trustees, officers, and employees; unknown XYZ entities 1-10, and unknown John Doe XYZ employees 1-20.

{¶8} Bend-Fast alleged that in June 2005, it purchased certain real property located at 218 N. Cedar Street, Geneva, Ohio (the "property"). Adjacent to the property is a property located at 256 N. Cedar Street, Geneva, Ohio, (on the southwest corner of N. Cedar Street and North Avenue). It is owned by Geneva (the "Geneva property").

{¶9} In June 2006, Geneva and T-Mobile entered into a lease agreement to allow T-Mobile to build and maintain a cellular tower on the Geneva property. At various times during 2006 (or earlier) Geneva established an access road over and across Bend-Fast's property. In December 2006, Geneva was issued a zoning permit for construction of the cellular tower on the Geneva property.

Case No. 2023-A-0053

**{¶10}** T-Mobile contracted with XYZ entities to construct the cellular tower on the Geneva property. Various items, including electrical power and fiber optic cabling (the "cables") were installed and buried on Bend-Fast's property.

**{¶11}** In June 2016, T-Mobile assigned its interest in the lease to SBA.

**{¶12}** In June 2019, Bend-Fast discovered the presence of the cables and access road and notified Geneva, later notifying SBA, and through SBA, T-Mobile.

**{¶13}** Bend-Fast pleaded claims of civil trespass, criminal trespass, and unjust enrichment against all the appellees, and a claim of eminent domain solely against Geneva.

**{¶14}** Attached to the complaint were a map of the properties, the site lease between Geneva and T-Mobile, an amendment to the lease agreement made in 2006, and an amendment to the lease agreement in 2016, transferring the lease from T-Mobile to SBA.

### *Geneva's Motion for Judgment on the Pleadings*

**{¶15}** Geneva filed an answer and a motion to dismiss pursuant to Civ.R. 12(C), as well as a site map of the construction and the lease agreement. In its motion, Geneva contended, as the site map indicated, the tower, access road, and utilities are located only on the Geneva property.

**{¶16}** Geneva further contended that Bend-Fast's claims were barred by the statute of limitations, had no legal basis and/or were barred by governmental immunity. Geneva argued Bend-Fast should have discovered the alleged taking no later than 2007 since the tower and the access road were clearly visible from Bend-Fast's property, and Bend-Fast does not have standing to allege criminal trespass and failed to prove intent

4

Case No. 2023-A-0053

to trespass and/or recklessness.  In addition, Bend-Fast failed to file a mandamus claim, which is the appropriate action in a taking claim that cannot be circumvented by filing an unjust enrichment claim.

{¶17} Bend-Fast filed a response, arguing that Geneva failed to draw all reasonable inferences in its favor pursuant to the standard for a Civ.R. 12(C) motion for a judgment on the pleadings.  Bend-Fast further argued that contrary to Geneva's contentions, the statute of limitations is tolled because the access road and cables constitute a continuous trespass, and it has standing to bring a claim for damages for the act of criminal trespass pursuant to R.C. 2307.60(A)(1).  In addition, its claim for unjust enrichment was not based on a contract, rather it was seeking monies wrongfully collected by Geneva.  Lastly, governmental immunity does not apply to equitable relief.

### SBA's Motion for Judgment on the Pleadings

{¶18} SBA filed an answer and a motion for judgment on the pleadings, contending Bend-Fast does not have standing to bring a claim of criminal trespass in a civil case.

{¶19} Bend-Fast filed a response, contending it was claiming damages for criminal trespass, pursuant to R.C. 2307.60(A)(1).

{¶20} In its reply, SBA noted that Bend-Fast never pleaded a claim pursuant to R.C. 2307.60(A)(1); it simply pleaded a claim entitled "criminal trespass."

### Trial Court's Judgment as to Geneva (all counts) and SBA (criminal trespass)

{¶21} In April 2023, the trial court held a hearing on the motions for judgment on the pleadings, and shortly after issued a judgment entry granting Geneva's motion on all four counts of Bend-Fast's complaint, and granting SBA's motion on count two, criminal

5

trespass. The underlying finding for the court's judgment was that the access road and cables buried on Bend-Fast's property did not constitute a continuing trespass, rather appellees' conduct constituted a permanent trespass since it was "fully accomplished."

{¶22} More specifically, on count one, civil trespass, the trial court found the statute of limitations had run because Bend-Fast should have discovered the alleged trespass in 2007, once construction was completed and the access road was built.

{¶23} On count two, criminal trespass, the trial court found regardless of whether a one-year statute of limitations applied (pursuant to R.C. 2307.60(A)(1)) or a two-year statute of limitations (pursuant to 2744.04(A)), and regardless of which date is used, January 2007 (when construction was completed) or June 2019 (when Bend-Fast allegedly discovered the access road and cables), the action is time barred because it was not filed within the statute of limitations.

{¶24} On count three, unjust enrichment, the trial court found that the statute of limitations had run, and that even if it had not, Geneva could not be found liable because it is a municipal corporation.

{¶25} On count four, eminent domain, the trial court found that a mandamus action should have been filed, and that the statute of limitations had run.

### SBA's Second Motion and T-Mobile's Motion for Judgment on the Pleadings

{¶26} SBA filed a second motion for judgment on the pleadings on Bend-Fast's remaining counts against it, count one (civil trespass) and count three (unjust enrichment). SBA contended that the four-year statute of limitations had run on the claim of civil trespass since Bend-Fast alleged it had discovered the access road and cables on its property in 2019. Further, it should have reasonably discovered the access road

6

and cables in 2007 since the access road was visible and the lease agreement and any other records related to the cell tower were public records. SBA similarly contended that the six-year statute of limitations for unjust enrichment had expired.

{¶27} T-Mobile also filed a motion for judgment on the pleadings, similarly contending the four-year statute of limitations had run on Bend-Fast's claim of trespass, and the six-year statute of limitations had run on its claim of unjust enrichment. In addition, T-Mobile contended Bend-Fast's criminal trespass claim fails to state a cognizable private cause of action and further, is untimely since the statute of limitations is one year.

{¶28} In its responses, Bend-Fast argued that the access road and the cables were a continuous trespass, which tolled the statute of limitations so long as the trespass continued. In 2021, Bend-Fast built a fence around the property, stopping the appellees from using the access road. Bend-Fast argued that even if the continuous trespass ceased in 2021, this was still within the four-year statute of limitations for trespass. Further, the cables are still a continuous trespass since the appellees continue to use them and they are within the appellees' control. Similarly, the statute of limitations for its claim of unjust enrichment has not expired since appellees continue to use Bend-Fast's property for its benefit.

### Trial Court's Judgment as to SBA and T-Mobile

{¶29} In July 2023, the trial court held a hearing on the motions for judgment on the pleadings, and shortly after, issued a judgment entry that was based on the same underlying finding that the access road and buried cables was a "fully accomplished"

7

permanent trespass, and that granted SBA's motion as to the count one (civil trespass) and count three (unjust enrichment) and T-Mobile's motion as to all three counts.

{¶30} Bend-Fast raises five assignments of error for our review:

{¶31} "[1.] The trial court committed legal error in finding the statute of limitations for civil trespass ran with respect to buried cables on Plaintiff-Appellant's land and not finding a continuous trespass existed, tolling the statute of limitations.

{¶32} "[2.] The trial court committed legal error in finding the statute of limitations for civil trespass ran with respect to the use of the access road on Plaintiff-Appellant's land and not finding a continuous trespass existed, tolling the statute of limitations.

{¶33} "[3.] The trial court committed legal error in finding the statute of limitations for a civil claim of criminal trespass ran and not finding a continuing trespass existed, tolling the statute of limitations.

{¶34} "[4.] The trial court committed legal error in finding the statute of limitations for unjust enrichment ran and that none of the benefits received by Defendants-Appellees are outside of that limitation.

{¶35} "[5.] The trial court committed legal error in not construing all of the allegations in Plaintiff's Complaint as true."

**Standard of Review**

{¶36} Because a Civ.R. 12(C) motion for judgment on the pleadings tests the legal basis for the claims asserted in a complaint, our standard of review is de novo. *State ex rel. Midwest Pride IV, Inc. v. Pontious,* 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996).

{¶37} In ruling on the motion, a court is permitted to consider the complaint and the answer as well as any documents attached as exhibits to those pleadings. *Orwell*

8

*Nat. Gas Co. v. Fredon Corp.*, 2015-Ohio-1212, 30 N.E.3d 977, ¶ 18 (11th Dist.). In so doing, the court must construe the material allegations in the complaint, with all reasonable inferences drawn therefrom, as true and in favor of the non-moving party. *Id.* A court granting the motion must find that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief. *Id.* "[A] motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted." *Id.*, quoting *Gawloski v. Miller Brewing Co.,* 96 Ohio App.3d 160, 163, 644 N.E.2d 731 (9th Dist.1994).

{¶38} At the outset we note that pursuant to Civ.R. 8(A), "[a] pleading that sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(A); *Jochum v. State ex rel. Mentor*, 11th Dist. Lake No. 2020-L-032, 2020-Ohio-4191, ¶32. "When ruling on a motion to dismiss, 'a plaintiff is not required to prove his or her case at the pleading stage.'" *Mohat v. Horvath*, 11th Dist. Lake No. 2013-L-009, 2013-Ohio-4290, ¶14, quoting *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 144-145, 573 N.E.2d 1063 (1991). "Rather, a plaintiff is only required to allege a set of facts, which, if proven, would plausibly allow for recovery." *Id.* "The plausibility standard does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence in support of a claim." *Id. Accord Briggs v. Link*, 11th Dist. Geauga No. 2022-G-0004, 2022-Ohio-4249, ¶ 16.

Case No. 2023-A-0053

## Continuing Trespass

{¶39} We address Bend-Fast's assignments of error collectively. In Bend-Fast's first four assignments of error, Bend-Fast contends the trial court erred by finding the access road and buried cables constitute a permanent trespass that was "fully accomplished," from which the trial court found the statute of limitations had run on its claims of civil trespass, criminal trespass, and unjust enrichment. Lastly, Bend-Fast contends the trial court failed to construe the factual allegations in its complaint, and all inferences drawn therefrom, in its favor. Bend-Fast contends the trial court should have found that it sufficiently alleged in its complaint that the access road and buried cables are a continuing trespass, thus tolling the statute of limitations.

{¶40} "To state a cause of action in trespass, the property owner must prove two elements: an unauthorized, intentional act by the defendant, and an intrusion by defendant which interferes with the property owner's right of exclusive possession of the property." *McNabb v. Ottawa Cty. Commrs.*, 6th Dist. Ottawa Nos. OT-17-036 and OT-18-24, 2019-Ohio-1487, ¶ 30.

{¶41} There are several types of trespass, including ordinary trespass, permanent trespass and continuing trespass. *Id.* at ¶ 31; *Valley Ry. Co. v. Franz*, 43 Ohio St. 623, 4 N.E. 88 (1885). An ordinary trespass occurs "[w]hen a man commits an act of trespass upon another's land, and thereby injures such other at once and to the full extent that such act will ever injure him and all its effects and the time of statute of limitations runs from the time of such act of trespass." *Valley Ry.* at 625. A permanent trespass happens when the defendant's allegedly tortious act has been fully accomplished. *Sexton v. City of Mason*, 117 Ohio St.3d 275, 2008-Ohio-858, 883 N.E.2d 1013, ¶ 45. A

10

continuing trespass occurs when there is some continuing or ongoing allegedly tortious activity or retention of control attributable to the defendant. *Id.* In other words, a trespass is continuing only if the trespass itself is continuing, as opposed to the harm caused by a past trespass. *Id.* at ¶ 41.

{¶42} We disagree with the trial court's finding that the access road and buried cables constitute a permanent trespass, which was "fully accomplished" at the time the road was built and the cables buried.

{¶43} In *Valley Ry.*, 43 Ohio St. 623, the Supreme Court of Ohio explained "[W]hen the owner of land rightly and lawfully does an act entirely on his own land, and by means of such act puts in action or directs a force against or upon, or that affects, another's land, without such other's consent or permission, such owner and actor is liable to such other for the damages thereby so caused the latter, and at once a cause of action accrues for such damages; and such force, if so continued, is continued by the act of such owner and actor, and it may be regarded as a continuing trespass or nuisance; and each additional damage thereby caused is caused by him, and is an additional cause of action; and, until such continued trespass or nuisance by adverse use ripens into and becomes a presumptive right and estate in the former, the latter may bring his action." *Id.* at 627.

{¶44} In that case, the railway company built a dam and an artificial channel to divert the river from its natural channel. This construction was completed in 1874. The diverted water damaged the plaintiff's land, and the plaintiff filed suit in 1881. *Id.* at 625. The Supreme Court held that the four-year statute of limitations was tolled because of the continuing nature of the company's trespass. "The company remained upon its own land,

11

and cut the new channel, and took control of the stream, and directed its course when the same passed from its land and its control, and has ever since so controlled and directed the stream that has caused the damage complained of. The amended petition states a cause of action that is not barred by the statute of limitations provided for such cases." *Id.* at 628.

{¶45} Similarly, in *State v. Swartz*, 88 Ohio St.3d 131, 723 N.E.2d 1084 (2000), the defendant was charged with creating a nuisance by erecting a bridge and culvert on his property that caused damage to his neighbor's property. *Id.* at 134-135. Although construction was complete almost six years before the suit commenced, the Supreme Court of Ohio held that the two-year limitations period did not expire because the nuisance remained in control of the defendant. *Id.* at 135.

{¶46} The court explained, "[t]herefore, where one creates a nuisance as defined in R.C. 3767.13(C) and permits it to remain, so long as it remains, and is within the control of the actor, the nuisance constitutes a continuing course of conduct tolling the limitations period pursuant to R.C. 2901.13(D). Thus, because the defendant permitted the nuisance to remain despite the plaintiff's repeated requests to abate, the period of limitations did not begin to run until the continuing course of conduct or the accused's accountability for it terminated. R.C. 2901.13(D)." *Id.*

{¶47} The Supreme Court of Ohio further clarified in *Sexton*, 117 Ohio St.3d 275, that "defendant's ongoing conduct or retention of control is the key" to distinguishing a continuing trespass, which tolls a statute of limitations, from a permanent trespass, which does not. We hold that a continuing trespass in this context occurs when there is some continuing or ongoing allegedly tortious activity attributable to the defendant. A

12

permanent trespass occurs when the defendant's allegedly tortious act has been fully accomplished." *Id.* at ¶ 45. In that case, the defendants had finished their work on a subdivision development and had ceded control by 1995. The neighboring homeowners did not bring suit until 2003, well after the statute of limitations had expired. Thus, their trespass claim was barred. *Id.* at ¶ 55.

{¶48} Appellees cite to *State ex rel. Nickoli v. Erie Metroparks*, 124 Ohio St.3d 449, 2010-Ohio-606, 923 N.E.2d 588, in support. That case stemmed from property that originated from canal property in the 1800s. The canal company leased some of its property to a railroad in 1881 for 99 years, and then again in 1980 for another 99 years. The railroad company's successor eventually quitclaimed its interest to the respondents, the Erie Metroparks Park District, in 1995. *Id.* at ¶ 4. The canal company dissolved in 1904 and its property interests devolved to a testamentary trust that eventually sold parcels of land to the relators beginning in 2000. *Id.* at ¶ 4, 5.

{¶49} By the end of 1998, Erie Metroparks began construction of a recreational trail known as the Huron River Greenway that opened to the public in 2003, part of which was located within the relator's properties. *Id.* at ¶ 8. There was much litigation between landowners and the park district in state (declaratory judgment, writ of mandamus) and federal court (unconstitutional takings). *Id.* at ¶ 9-15.

{¶50} In this second writ of mandamus action, the Supreme Court of Ohio declined to apply a "continuous violations" theory to the governmental taking of certain portions of the relator's property, remarking "[t]he relators' request, in effect, seeks a ruling that the recreational trail constitutes a continued taking until the respondents' decision to open the

13

trail to the public is reversed. If we were to adopt this position, we would eviscerate the statute of limitations, which would be an untenable result." *Nikoli,* 2010-Ohio-606 at ¶ 35.

{¶51} One year later, however, the Supreme Court of Ohio decided *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, 958 N.E.2d 1235, which expanded the *Sexton, Valley Ry., and Swartz* cases to governmental takings case under circumstances more similar to those in the instant case. In that case, the Ohio Department of Natural Resources built a new spillway, which it completed in 1997, for the Grand Lake St. Mary's, a man-made lake located in Mercer and Auglaize counties. *Id.* at ¶ 2. The redesigned spillway permanently established a four-inch increase in the lake, which expanded the lake's recreational value, making it more attractive to boaters. *Id.* at ¶ 7. It also considered the lake to be "self-regulating," whereas before the redesign, ODNR would regulate the lake level every winter by lowering the water level of the lake by 12 inches through the old spillway's gated outlets. *Id.* The redesign resulted in more frequent, persistent, and severe flooding of downstream landowners, including farmers and businesses, on the western side of the lake. *Id.* at ¶ 8-11. In 2009, more than 80 landowners filed a writ of mandamus to compel ODNR to initiate appropriation proceedings for the taking of their properties. *Id.* at ¶ 16.

{¶52} The court determined that: "*Sexton, Valley Ry.,* and *Swartz* lead inexorably to the conclusion that when an act carried out on the actor's own land causes continuing damage to another's property and the actor's conduct or retention of control is of a continuing nature, the statute of limitations is tolled. There is no logical rationale for refusing to apply this rule to takings cases and R.C. 2305.09(E). Otherwise, a person

14

whose property is damaged * * * caused by another's actions might have a cause of action against a private person or entity but not against a governmental entity." *Id.* at ¶ 45.

{¶53} Further, the court distinguished *Nickoli*, finding that "[i]n *Nickoli,* the act constituting the taking—the construction and opening of a recreational trail—occurred on the relators' property rather than on the respondents' property. Unlike the relators here, the relators in *Nickoli* thus had direct and immediate notice of any alleged taking as well as the cause of the taking. * * * Moreover, as we observed in *Nickoli* at ¶ 34, quoting *Hopland Band of Pomo Indians v. United States* (Fed.Cir.1988), 855 F.2d 1573, 1577, a cause of action against the government does not accrue until "'all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." (Emphasis omitted.)' See also *United States v. Dickinson* (1947), 331 U.S. 745, 749, 67 S.Ct. 1382, 91 L.Ed. 1789 ('when the Government chooses not to condemn land but to bring about a taking by a continuing process of physical events, the owner is not required to resort either to piecemeal or to premature litigation to ascertain the just compensation for what is really "taken"')." *Zody*, 2011-Ohio-6117, ¶ 46, 48.

{¶54} We recognize that at first blush appellees' access road may seem akin to a recreational trail, permanently constructed, however, the access road and the cables, at this early pleading stage are part and parcel of appellees' cellular tower operation. The appellees' acts, continue to cause damage to Bend-Fast's property and the appellees' "conduct or retention of control is of a continuing nature."

{¶55} Accepting all of the factual allegations of the complaint as true and drawing all inferences in favor of Bend-Fast, we find Bend-Fast has sufficiently alleged appellees'

15

conduct constitutes a continuing trespass, having alleged that: (1) the access road and buried cables were unauthorized, intentional acts placed on Bend-Fast's property by appellees, (2) are an intrusion by appellees, which is interfering with Bend-Fast's rights of exclusive possession of its property, and (3) appellees' control and conduct are ongoing; thus, tolling the statute of limitations. *See e.g. Quelette v. Columbia Gas of Ohio, Inc.*, 10th Dist. Franklin No. 76AP-615, 1977 WL 199926 (Feb. 15, 1977) (action for illegal installation of a gas line upon appellant's premises was a continuing trespass with a 21-year statute of limitations pursuant to R.C. 2305.04).

**{¶56}** Bend-Fast's remaining claims of criminal trespass and unjust enrichment are based on the same underlying conduct of appellees, and the resulting damage therefrom.[1]

**{¶57}** In light of the foregoing, Bend-Fast's assignments of error are with merit.

**{¶58}** The judgment of the Ashtabula County Court of Common Pleas is reversed and remanded in accordance with this opinion.

EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.

---

1. We note that the trial court applied a one-year statute limitations to Bend-Fast's claim of civil liability for criminal acts pursuant to R.C. 2307.60(A)(1). At least one court has found the statute of limitations for this claim to be six years. *See Harris v. Cunix*, 2022-Ohio-839, 187 N.E. 3d 582, ¶ 27 (10th Dist.). It is sufficient for the moment that Bend-Fast pleaded these claims in light of a continuing trespass, and it is possible for relief to be awarded. *See Medical Mutual of Ohio*, 2023-Ohio-243, 207 N.E.3d 16 (6th Dist.) (It would be imprudent to decide whether such a claim is subject to a six-year or one-year statute of limitations, particularly when we would be doing so for the first time on appeal and without the benefit of argument by the parties).

16

Case No. 2023-A-0053